FRANK KILBY v. JESSE WILTON DOWDLE AND CAROLINA TRUCK & BODY COMPANY, INC.

No. 6928SC38

(Filed 30 April 1969)

**1. Appeal and Error § 6—　orders appealable — jurisdictional question**

　　An appeal lies immediately from refusal to dismiss a cause for want of jurisdiction.

**2. Courts § 2—　authority of court to determine jurisdiction**

　　In an action in the superior court to recover for personal injuries, the court has jurisdiction to pass upon defendant's plea in bar that the Industrial Commission had exclusive jurisdiction of the claim.

**3. Appeal and Error § 57— review of findings of fact**

    Findings of fact by the court which are supported by competent evidence are binding and conclusive on appeal, notwithstanding there was evidence *contra*.

**4. Master and Servant § 60— workmen's compensation — injuries compensable — employee's personal mission**

    Trial court's conclusions that employee was a guest passenger in his employer's truck at the time he was injured, and not an employee acting within the course and scope of employment, and that the injuries were not compensable under the Workmen's Compensation Act, *are held* proper upon findings of fact that (1) the plaintiff traveled to another state for the purpose of visiting relatives, (2) his employer's plant manager offered to have a fellow employee bring plaintiff back on the return trip, (3) the fellow employee would have made the trip at the same time on the same route regardless of plaintiff's presence, (4) it was not the employer's policy to have two drivers or a relief driver on such a trip, and (5) at the time of the accident plaintiff was not performing any services of benefit to his employer.

APPEAL by defendant Carolina Truck & Body Co., Inc. from *McLean, J.*, at the 24 June 1968 Session of BUNCOMBE Superior Court.

Plaintiff filed his complaint 29 June 1967, alleging that he was a guest passenger in a truck operated by defendant Dowdle as agent for defendant Carolina Truck & Body Co., Inc. (Carolina), that the truck was traveling south on U. S. Highway 52 in Madison County, Kentucky, and that he (plaintiff) sustained serious injury when the truck overturned due to the driver's negligence. Plaintiff alleged numerous acts of negligence on the part of the defendants, including unreasonable speed and failure to obey a stop sign.

Defendant Carolina filed answer 21 August 1967, denying the material allegations of the complaint. It also alleged, as a plea in bar, that the plaintiff at the time of the accident was an employee of Carolina and that the Industrial Commission had exclusive jurisdiction of the claim.

The plea in bar was heard by McLean, J., who made findings of fact substantially as follows: Prior to 12 June 1966, plaintiff was a truck repairman and mechanic employed by the defendant Carolina at its place of business in Asheville, N. C., and compensated at an hourly rate. On 10 June 1966, at the conclusion of his normal workday, plaintiff went to Georgetown, Kentucky, for the purpose of visiting relatives, traveling part of the way as guest of a fellow employee and part of the way by bus. Before plaintiff left Carolina's premises, its plant manager, upon learning of the proposed trip, offered to have defendant Dowdle stop at Georgetown, on his way

back from Pontiac, Michigan, and pick up plaintiff in order to save plaintiff the bus trip back to Asheville. At the time of the offer, the manager did not request plaintiff to perform any services on the return trip. Plaintiff requested no compensation for the return trip. Stopping at Georgetown, Kentucky, involved no deviation from the normal route followed from Pontiac to Asheville, and defendant Dowdle would have made the trip at the same time and on the same route regardless of plaintiff's presence. It was not the policy of Carolina to have two drivers on such a trip or to have relief drivers along the way. At the time of the accident on Sunday, 12 June 1966, plaintiff was not performing any services of benefit to Carolina. The trip to Kentucky by the plaintiff was neither consistent nor connected with Carolina's business of policy. The court concluded that the plaintiff was a guest passenger and not an employee acting within the course and scope of employment while riding in the vehicle of Carolina on 12 June 1966, that the plaintiff and Carolina were not bound by the Workmen's Compensation Act at the time of the injury, and that the injuries were not compensable under the Workmen's Compensation Act. The court overruled Carolina's plea in bar and ordered the cause set for trial. Carolina excepted to each finding of fact and conclusion of law and appealed.

*Gudger & Erwin by Samuel J. Crow for plaintiff appellee.*

*Uzzell & DuMont by Harry DuMont for defendant appellant.*

BRITT, J.

**[1]** An appeal lies immediately from refusal to dismiss a cause for want of jurisdiction. 1 Strong, N.C. Index 2d, Appeal and Error, § 6, p. 118.

**[2]** Carolina contends that the superior court did not have jurisdiction to pass upon the plea in bar; that the Industrial Commission had exclusive jurisdiction to determine if plaintiff at the time of the injury came under the provisions of the Workmen's Compensation Act. We think this case is governed by the decision in *Burgess v. Gibbs,* 262 N.C. 462, 137 S.E. 2d 806. In that case, the superior court had concluded, in a situation bearing some similarity to the one at hand, that the plaintiff was an employee subject to the Workmen's Compensation Act and had dismissed the action. Parker, J. (now C.J.), noted that "[w]hen the trial judge in the absence of the jury heard and decided all questions relating to the court's jurisdiction to entertain the instant action, he followed the sound rule that every court necessarily has inherent power to inquire into, hear and

determine the questions of its own jurisdiction, whether of law or fact, the decision of which is necessary to determine the questions of its jurisdiction. (Numerous citations.)" We hold that the superior court did have jurisdiction to pass upon the plea in bar.

[3]   Carolina's assignments of error to the court's findings of fact are overruled. Although the evidence was in conflict on several crucial points, among which were whether plaintiff was to receive compensation for the trip and whether plaintiff was to render services to Carolina on the trip, competent evidence sufficient to support the findings of fact was introduced. Consequently, the findings of fact are binding and conclusive upon us, notwithstanding there was evidence *contra. Burgess v. Gibbs, supra.*

[4]   Carolina's assignments of error to the court's conclusions of law are overruled. The conclusions of law made by the court, based on the facts found, were correct and comply fully with the rationale set out in *Humphrey v. Laundry,* 251 N.C. 47, 110 S.E. 2d 467. Here, the trip by the plaintiff bore no relation to the business being performed by Carolina. There was no question but that plaintiff would not have made the trip, except for his personal business. The work of Carolina in no way created a necessity for this trip by the plaintiff.

The plea in bar was properly overruled, and the judgment of the superior court is

Affirmed.

Mallard, C.J., and Parker, J., concur.