PATRICIA MORSE v. KATHRYN F. CURTIS, DOING BUSINESS AS CAMP ILLAHEE
AND
BLEECKER MORSE v. KATHRYN F. CURTIS, DOING BUSINESS AS CAMP ILLAHEE

No. 6929SC524

(Filed 19 November 1969)

**Master and Servant § 87;    Appeal and Error § 57—    common-law tort action — Workmen's Compensation action — plea in bar — employee or independent contractor — findings by trial court**

In this hearing upon defendant's plea in bar to plaintiff's action for personal injuries on the ground that plaintiff should be limited to recovery under the Workmen's Compensation . Act, findings of fact by the trial

court that plaintiff, who had contracted to serve as senior counselor for the saddle seat program at defendant's summer camp, was an independent contractor and not an employee of defendant, and that plaintiff was not acting in the course and scope of her employment when she was injured at the camp, *are held* binding on appeal since they are supported by some competent evidence, and the findings support the court's conclusion that defendant's plea in bar should be denied.

APPEAL by defendant from *McLean, J.,* at the May-June 1969 Civil Session of Superior Court held in HENDERSON County.

Patricia Morse (Patricia) instituted this common-law action to recover for injuries sustained by her on 15 August 1964 on the premises of defendant at Camp Illahee, a summer camp for girls located near Brevard, North Carolina. Bleecker Morse, the father of Patricia, instituted his action to recover for medical expenses and loss of services of Patricia during her minority. The two cases were consolidated for hearing upon the plea in bar interposed by defendant.

Patricia, who was then 20 years of age, had been engaged by contract with defendant as a senior counselor to head up the saddle seat riding program at the camp during the 1964 season.

On 15 August 1964 at about 9:00 a.m. Patricia, who had no car, went to the parking lot with other camp personnel to remove their cars from the regular parking area in order to make room for visitors to the camp. Afterwards, Patricia and two others went into the pump house on the camp grounds to get out of the rain and to smoke a cigarette. Upon leaving the pump house, Patricia's raincoat caught in the pump equipment and her left arm was pulled into the machinery, injuring her arm and necessitating its amputation.

A proceeding under the Workmen's Compensation Act is pending, and defendant contends, as a plea in bar, that plaintiffs should be confined to recovery under the Workmen's Compensation Act.

The plea in bar was heard and evidence was offered. The judge made findings of fact and conclusions of law. The defendant excepted, assigned error, and appealed to the Court of Appeals.

*Landon Roberts for defendant appellant.*

*Uzzell & Dumont by Harry Dumont, and Francis M. Coiner for plaintiff appellees.*

MALLARD, C.J.

Only two questions are presented on this appeal. The first is whether there was competent evidence upon which the trial judge

could make the findings of fact. The second question is collateral to the first and is whether the facts so found support the trial judge's conclusions of law.

Upon the hearing on the plea in bar, the trial judge found and concluded as follows:

"1.   That on or about March 4, 1964, the defendant entered into a written contract with the plaintiff, Patricia Morse, wherein said plaintiff for a specified sum agreed to accept the position of a senior counselor as head of the saddle seat program for the camp 1964 season, beginning on June 25, 1964, and ending on August 20, 1964, in Brevard, North Carolina.

2.   That prior to March 4, 1964, the plaintiff, Patricia Morse, was an accomplished and skilled horse woman, having participated in numerous horse shows in Western North Carolina, and during the year 1963, had given private instruction in horseback riding in Hendersonville and other counties in Western North Carolina.

3.   That the plaintiff, Patricia Morse, upon accepting employment pursuant to the written contract dated March 4, 1964, located and chose horses to be used by her as head of the saddle seat riding program at Camp Illahee, Inc., which was owned and operated by the defendant.

4.   That the plaintiff, Patricia Morse, was engaged during the 1964 camp season as head of the saddle seat program, and as such, had the independent use of her skill, knowledge and training in the execution of said program; was engaged as head of the saddle seat program because of her independent skill and occupation as a horseback riding instructor; that she was employed to perform said duties at the fixed price of $400.00 plus living expenses at the camp for the entire camp season; that said plaintiff in the performance of her duties had complete charge and control of said program, determining solely the type of instruction to be given and the times when such instruction was to be given, and was not subject to discharge for adopting one method of performing her duties rather than another; that said plaintiff was free to use such assistants in said program as she deemed proper, and had full control and the right to control such assistants; that said plaintiff in fact had full responsibility and control, including the right to control the saddle seat riding program at the defendant's camp during the 1964 camp season, more particularly, from June 25, 1964, up to and including

August 15, 1964, the date of the occurrence giving rise to this action.

5. That on and prior to August 15, 1964, the defendant owned and maintained a wooden shed in which was located an open water pump, consisting of inter-locking wheels and gears; that said shed was located adjacent to a public parking area also located on the defendant's premises; that the door to said shed was allowed to remain open, and a bench had been placed therein for the use of counselors, visitors and other persons rightfully on said premises, including the plaintiff, Patricia Morse; that the defendant knew or should have known that said shed was used by invitees on the premises for shelter from the weather and as a place to smoke so as not to be observed by the children attending the camp.

6. That on August 15, 1964, a water pageant was being conducted by the defendant, to which parents of the campers and other visitors had been invited, and other camp activities had been suspended, including the saddle seat program.

7. That on the morning of August 15, 1964, the defendant instructed all camp personnel to remove their automobiles from the public parking area in order to make room for the visitors to the camp's water pageant; that the plaintiff, Patricia Morse, accompanied other camp personnel to said parking area.

8. That on said occasion it was drizzling rain. That the plaintiff, Patricia Morse, after visiting said parking area, went, together with other camp personnel, to the pump shed, which was located adjacent thereto, for the purpose of shelter and to smoke a cigarette.

9. That on the aforesaid occasion and prior thereto on August 15, 1964, the plaintiff, Patricia Morse, was not performing any of the duties for which she had been employed, nor had said plaintiff at any time been instructed not to use the aforesaid shed.

10. That the plaintiff, Patricia Morse, on said occasion had entered the aforesaid shed and was using the same as an invitee, when the incident giving rise to this action occurred, resulting in serious personal injuries to said plaintiff."

After the foregoing findings of fact, the trial judge made the following conclusions of law:

"1. That this Court has jurisdiction of the parties and the subject matter of these actions.

2. That the plaintiff, Patricia Morse, during the 1964 camp

season and up to and including August 15, 1964, was not an employee of the defendant, but was an independent contractor.

3. That the plaintiff, Patricia Morse, was properly on the defendant's premises and was properly using the shed on said premises as an invitee.

4. That the injuries received by the plaintiff, Patricia Morse, did not arise out of nor were they received in the course of employment by the defendant.

5. That the defendant's pleas in bar are hereby overruled and the plaintiffs' motions to strike the First Further Answer and Defense as set forth in the Answers are hereby sustained.

6. That this Court has jurisdiction to determine these controversies and causes of action on their merits and that the same are not subject to the provisions of the North Carolina Workmen's Compensation Act."

Patricia testified that she entered into a written contract with defendant. The contract was marked "P-1" for identification. Patricia also testified that the duties she was to perform for defendant were those designated on the contract. The record reveals that the paperwriting marked "P-1" "is offered in evidence by Mr. Roberts." However, the record is silent as to whether it was admitted. If it was admitted, appellant did not see fit to include it in the record on appeal.

Upon a review of the evidence contained in the record, it appears that the findings of fact by the trial judge were supported by some competent evidence. On the other hand, there was plenary evidence which would have justified a finding that Patricia was an "employee" and acting in the course of and scope of her employment at the time of her injury.

The applicable rule is stated in 1 Strong, N.C. Index 2d, Appeal and Error, § 57:

"The court's findings of fact are conclusive if supported by any competent evidence, and judgment supported by such findings will be affirmed, even though there is evidence contra, . . ."

See also *Kilby v. Dowdle,* 4 N.C. App. 450, 166 S.E. 2d 875 (1969); *Burgess v. Gibbs,* 262 N.C. 462, 137 S.E. 2d 806 (1964).

Upon examination of the facts and conclusions, we are of the opinion and so hold that the trial judge correctly applied the facts that he found in making the conclusions of law.

Affirmed.

MORRIS and HEDRICK, JJ., concur.