NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

JEWELL SMOKELESS COAL CORPORATION, Respondent.

No. 14272.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 10, 1970.

Decided Dec. 23, 1970.

---

3. See United States v. DeCatur, 430 F.2d 365, 367 (9 Cir. 1970).

Russell J. Thomas, Jr., Atty., N.L.R.B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Leonard M. Wagman, Atty., N.L.R.B., on brief) for petitioner.

Robert S. Young, Knoxville, Tenn., (McCampbell, Young, Bartlett & Woolf, Knoxville, Tenn., on brief) for respondent.

Before BOREMAN and CRAVEN, Circuit Judges, and MARTIN, District Judge.

PER CURIAM:

Substantial evidence supports these findings of the Board: Jewell Smokeless Coal Corporation is engaged in the business of processing coal and coke. Much of the coal received for processing is mined on property owned by Jewell or leased to it by large land owners such as Georgia Pacific Corporation and C. L. Ritter Lumber Company. Some 30 mines operate under Jewell's leases, and all production of such mines goes to Jewell. In August 1967, Horn & Keene was one of a number of such operators mining coal on property owned by or leased to Jewell. Horn & Keene were paid a fixed fee for each ton of coal. The mining of the coal was engineered by Jewell which inspected the mines at least once every two weeks to require conformity to the engineering plan and to production and safety standards. The lease agreement with Horn & Keene was oral and terminable at will.

For many years the United Mine Workers had sought certification as bargaining representative for Jewell's employees. When at last successful, bargaining negotiations began in June 1967, but did not result in a contract. During August, Jewell's "inside" employees went on strike, and a Union organizer visited the Horn & Keene mine asking that the miners support the employees. Subsequently, two truck drivers of Horn & Keene refused to cross the picket line at the Whitewood Tipple, and later on nine out of ten Horn & Keene employees signed up with the Union. Horn & Keene thereupon immediately signed a standard Union operating contract. In retaliation and motivated by anti-Union animus, Jewell shut off the electric power of the Horn & Keene mine "for the simple reason that Jewell Smokeless doesn't want you [H & K] to operate any more for them."

 The only question worthy of consideration is whether or not Jewell is a joint employer of the employees of Horn & Keene Coal Company. In deciding that question the test is not whether Horn & Keene occupied the status of an independent contractor, but instead whether Jewell possessed sufficient indicia of control over the work of the employees of Horn & Keene to be treated for purposes of enforcement of the National Labor Relations Act as a joint employer with Horn & Keene. Boire v. Greyhound Corporation, 376 U.S. 473, 481, 84 S.Ct. 894, 11 L.Ed.2d 849. This is essentially a factual issue and has been determined on substantial evidence adversely to Jewell. It is enough to recite that Jewell sometimes loaned money to its mine operators to enable them to purchase equipment, that Jewell provided workman's compensation coverage on the individual workers in the mines

under many of its oral leases, and that Jewell provided engineering services and safety inspections of the mines from which it secures its supply of coal. Most significantly, Jewell provided the electricity to the Horn & Keene mine (and to most of its other operators) and when it suited its anti-Union purposes it could and did cut off the power and terminate the oral lease. Clearly, we think, Jewell exercised de facto control over the ten employees at the Horn & Keene mine. See National Labor Relations Board v. Gibraltar Industries, 4 Cir., 307 F.2d 428, 431.

The order of the Board will be

Enforced.