JAMES C. ELLER v. THE COCA-COLA COMPANY AND COCA-COLA COMPANY, U.S.A.

No. 8018SC1179

(Filed 18 August 1981)

1. **Appeal and Error § 6.3— lack of jurisdiction—appeal proper**

   Defendants' appeal from the trial court's denial of their motion to dismiss was proper since an appeal lies immediately from the denial of a motion to dismiss for want of jurisdiction.

2. **Master and Servant § 15.1— violation of right to work laws—jurisdiction**

   Where plaintiff alleged violation of N.C.'s right to work laws and malicious interference with an employment relationship, but defendants moved to dismiss for want of jurisdiction, contending that State court jurisdiction had been preempted by federal law, the determinative question was whether plaintiff and defendants had an employee-employer relationship, and the trial court should have considered matters outside the pleadings in order to determine the question of subject matter jurisdiction.

APPEAL by defendants from *Walker, Judge.* Order entered 30 October 1980, in Superior Court, GUILFORD County. Heard in the Court of Appeals 27 May 1981.

Plaintiff filed a complaint against defendants, alleging violation of North Carolina's right to work laws, specifically G.S. 95-81, and malicious interference with an employment relationship. According to his complaint, plaintiff, an employee of American Stevedoring Corporation, worked at defendants' syrup manufacturing plant in Greensboro, North Carolina, from 1976 to 1979. In 1979, Thomas Van Winkle, an employee of defendants, forced plaintiff's employer to discharge plaintiff solely in retaliation for plaintiff's efforts to organize a union at the defendants' Greensboro plant. This, according to plaintiff, violated the provisions of G.S. 95-81 and constituted the tort of malicious interference with plaintiff's contract of employment.

The defendants filed a motion to dismiss on the basis that the complaint failed to state a claim upon which relief could be granted and on the basis that the North Carolina courts lacked jurisdiction over the subject matter of this action. By order dated 30 October 1980, the trial court denied defendants' motion to dismiss. From the denial of their motion, defendants appealed.

*Smith, Patterson, Follin, Curtis, James and Harkavy, by Norman B. Smith, for plaintiff-appellee.*

*Smith, Moore, Smith, Schell and Hunter, by Martin N. Erwin, for defendant-appellants.*

MARTIN (Robert M.), Judge.

[1] Defendants assign as error the denial of their motion to dismiss and, as grounds for this assignment, assert that the courts of North Carolina lack jurisdiction over the subject matter of this action. In this matter, their appeal is proper since an appeal lies immediately from the denial of a motion to dismiss for want of jurisdiction. *Kilby v. Dowdle,* 4 N.C. App. 450, 166 S.E. 2d 875 (1969). We shall review, therefore, defendants' contention that State court jurisdiction has been preempted by federal law and that jurisdiction is reserved exclusively by the National Labor Relations Board.

[2] Under the National Labor Relations Act, 29 U.S.C. § 151, *et seq.*, the National Labor Relations Board has jurisdiction to consider and to act upon alleged violations of the substantive provisions of the Act. According to defendants, plaintiff should have proceeded under 29 U.S.C. §§ 157 and 158. Simply stated, 29 U.S.C. § 157 protects employees in their right to organize; on the other hand, 29 U.S.C. § 158 proscribes unfair labor practices (such as interference with an employee's § 157 rights) on the part of employers. Defendants correctly argue that in the case of *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed. 2d 775 (1959), the Supreme Court established that, if an activity in question is arguably protected or prohibited by the National Labor Relations Act, the preemption doctrine applies to oust state courts of jurisdiction. In order for the National Labor Relations Act to apply to the case at bar, it is necessary that the plaintiff and the defendants have an employee-employer relationship.

By statutory definition, the term "employer" includes "any person acting as an agent of an employer, directly or indirectly. . . ." 29 U.S.C. § 152(2). The term "employee" includes "any employee, and shall not be limited to the employees of a particular employer, unless this subchapter explicitly states otherwise. . . ." 29 U.S.C. § 152(3). The vagueness of these definitions has been remedied somewhat by judicial interpretation. In determining the question of employer-employee status in cases involving independent contractors, the courts have considered whether parties like defendants herein possessed sufficient "indicia of control" over the work of employees of the independent contractor. *See, e.g., Boire v. Greyhound Corp.*, 376 US. 473, 84 S.Ct. 894, 11 L.Ed. 2d 849 (1964); *N.L.R.B. v. Jewell Smokeless Coal Corp.*, 435 F. 2d 1270 (4th Cir. 1970). The question of the employer-employee relationship is, therefore, a factual one.

After having reviewed the record of the case *sub judice*, this Court is of the opinion that the court below failed to elicit sufficient facts upon which to make the determination of subject matter jurisdiction.

Whenever a trial court, on its own motion or on the motion of a party in the suit, must determine the question of subject matter jurisdiction, it "necessarily has inherent judicial power to inquire

into, hear and determine the question of its own jurisdiction, whether of law or fact, the decision of which is necessary to determine the questions of its jurisdiction." *Burgess v. Gibbs*, 262 N.C. 462, 465, 137 S.E. 2d 806, 808 (1964). *See also Kilby v. Dowdle, supra.* In *Tart v. Walker*, 38 N.C. App. 500, 248 S.E. 2d 736 (1978), this Court pointed out that matters outside the pleadings may be considered and weighed by the court in determining the question of subject matter jurisdiction. *See* Barron and Holtzoff, *Federal Practice and Procedure*, § 352.

In the case before us, it is difficult to determine what the trial court considered in ruling on defendants' motion to dismiss for lack of subject matter jurisdiction. It would appear, however, that the only documents before the judge were the complaint filed by the plaintiff and a letter from the National Labor Relations Board. The trial court made no findings of fact and no conclusions of law. Given the complexity of the question of subject matter jurisdiction, we believe, and so hold, that, in the case at bar, the trial judge should have considered matters outside the pleadings in order to determine the question of subject matter jurisdiction. Furthermore, although G.S. 1A-1, Rule 52 does not require the trial court to make findings of fact or conclusions of law on decisions of any motion (unless requested by a party or by Rule 41(b)), we believe the better practice in this case would be to set forth the findings and conclusions on which the court determines its order. If subsequent appeal from the order is taken, this Court would thereby have before it a record more susceptible to meaningful review.

Defendants also raise questions as to whether plaintiff's complaint states valid claims for relief. The appeal on these issues, however, is premature, *Hankins v. Somers*, 39 N.C. App. 617, 251 S.E. 2d 640, *disc. rev. denied*, 297 N.C. 300, 254 S.E. 2d 920 (1979), and is, therefore, dismissed.

For the reasons set forth above, the order from which appeal was taken is vacated and this case is remanded to the trial court for a hearing to determine the question of subject matter jurisdiction.

Vacated and remanded.

Judges CLARK and HILL concur.