ROBERT L. SHAVER v. N. C. MONROE CONSTRUCTION COMPANY AND N. CARL MONROE, INDIVIDUALLY

No. 8118SC205

(Filed 3 November 1981)

Appeal and Error § 6.3— motion to dismiss—subject matter jurisdiction—interlocutory order—no right of appeal

> The trial court's order denying a motion to dismiss certain of plaintiff's claims for lack of subject matter jurisdiction is interlocutory and not immediately appealable.

APPEAL by defendants from *Helms, Judge.* Order entered 10 December 1980 in Superior Court, GUILFORD County. Heard in the Court of Appeals 24 September 1981.

*Smith, Moore, Smith, Schell & Hunter, by McNeill Smith and Ben F. Tennille, for plaintiff appellee.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, by Michael D. Meeker and Howard L. Williams, for defendant appellants.*

HEDRICK, Judge.

Defendants have attempted to appeal from an order denying their motion to dismiss plaintiff's first, second, and fifth causes of action "for lack of subject matter jurisdiction." "Ordinarily, there is no right of appeal from the refusal of a motion to dismiss." *Godley Auction Co. v. Myers,* 40 N.C. App. 570, 573, 253 S.E. 2d 362, 364 (1979). The rule barring immediate appeals from such interlocutory orders serves to eliminate the unnecessary delay and expense of repeated fragmentary appeals and to present the whole case for determination in a single appeal from the final judgment; permitting parties to bring cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders would effectively procrastinate the administration of justice. *Godley Auction Co. v. Myers, supra.*

An order overruling an objection to the court's jurisdiction is ordinarily not immediately appealable, any error in the decision thereon being reviewed only on appeal from the final judgment; this rule of nonappealability, however, may be subject to certain exceptions under particular controlling statutes. 4 Am. Jur. 2d *Appeal and Error* § 87 (1962). The controlling statute in North

Carolina is G.S. § 1-277(b), which states, "Any interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant or such party may preserve his exception for determination upon any subsequent appeal in the cause." This statute, however, has no application in the denial of a motion challenging "subject matter" jurisdiction. A trial judge's order denying a motion to dismiss for lack of subject matter jurisdiction is interlocutory and not immediately appealable. *Allen v. Wachovia Bank and Trust Co.*, 35 N.C. App. 267, 241 S.E. 2d 123 (1978), *American Health Association v. Helprin*, 357 So. 2d 204 (Fla. Ct. App. 1978).

The defendants' motion challenged the state court's subject matter jurisdiction. Indeed, both parties' briefs deal exclusively with the question of whether 29 U.S.C.A. § 1132(e)(1) confers upon United States district courts exclusive subject matter jurisdiction to determine certain claims related to an employee pension plan.

Defendants may preserve their exception to the court's refusal to dismiss for lack of subject matter jurisdiction and assign that as error upon an appeal from a final judgment entered in the cause. When inquiry was made by the court at oral argument as to whether this appeal was subject to dismissal as being from an interlocutory order, counsel for the defendants requested and received permission to file a memorandum of authority as to the appealability of an order denying defendants' motion to dismiss. By such memorandum we are cited by defendants to *North Carolina Consumers Power, Inc. v. Duke Power Co.*, 285 N.C. 434, 206 S.E. 2d 178 (1974), *Eller v. Coca-Cola Co.*, 53 N.C. App. 500, 281 S.E. 2d 81 (1981), *Broaddus v. Broaddus*, 45 N.C. App. 666, 263 S.E. 2d 842 (1980), and *Kilby v. Dowdle*, 4 N.C. App. 450, 166 S.E. 2d 875 (1969). With respect to the appealability issue, these four cases stand for the proposition that the appellate courts will entertain an appeal from an order denying a motion to dismiss in some cases and *elect* to review some cases on their merits, but this does not mean that the appeal from such interlocutory orders is any less fragmentary. Sound policy exists for the refusal of the appellate courts to entertain appeals from interlocutory orders. This same sound policy requires the appellate courts to make inquiry as to the appealability of a case even though the question is not raised by the parties.

Defendants' appeal is

Dismissed.

Judges HILL and WHICHARD concur.