LELA J. TEACHY, ADMINISTRATRIX OF THE ESTATE OF JAMES EVERETTE TEACHY, JR., PLAINTIFF v. COBLE DAIRIES, INC., A NORTH CAROLINA CORPORATION AND EDWIN DEAN HOLMES, ORIGINAL DEFENDANTS AND THIRD-PARTY PLAINTIFFS v. DEPARTMENT OF TRANSPORTATION OF THE STATE OF NORTH CAROLINA, THIRD-PARTY DEFENDANT

No. 90PA82

(Filed 13 July 1982)

1. **Appeal and Error § 6.3— subject matter jurisdiction—denial of motion to dismiss—no immediate appeal**

The denial of a motion under G.S. 1A-1, Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction is an interlocutory order from which no immediate appeal may be taken.

Teachy v. Coble Dairies, Inc.

2. **Rules of Civil Procedure § 14— State as third-party defendant—interpretation of Rule 14(c)**

   The term "third-party plaintiff" in the 1975 enactment of G.S. 1A-1, Rule 14(c) should be read "third party" or "third-party defendant," and the 1981 amendment thereto did not alter Rule 14(c) substantively but merely reiterated the intention of the legislature that the State be subject to tort claims as a third-party defendant in the State courts.

3. **Rules of Civil Procedure § 14; State § 4— joinder of State as third-party defendant in State courts**

   The State may be joined as a third-party defendant, whether in an action for contribution or for indemnification, in a tort action brought in the courts of North Carolina. G.S. 1A-1, Rule 14(c); G.S. 1B-1(h).

4. **State § 4— actions against State as third-party defendant—sufficiency of pleading**

   Actions brought against the State as a third-party defendant in the State courts need not conform to the pleading requirements of the Industrial Commission, but the third-party plaintiff must prove the same elements as required in cases heard before the Industrial Commission. Therefore, the trial court did not err in denying a motion to dismiss a third-party complaint against the State because it did not comply with the requisites for the affidavit required by G.S. 143-297 in cases heard before the Industrial Commission.

ON discretionary review of the decision of the North Carolina Court of Appeals, reported at 54 N.C. App. 688, 284 S.E. 2d 332 (1981), dismissing the third-party defendant's appeal from the denial by the trial court, *Judge F. Gordon Battle,* of the third-party defendant's motion to dismiss the third-party complaint.

*Taylor, Warren, Kerr & Walker, by John H. Kerr III, for Third-Party Plaintiff-Appellees.*

*Rufus L. Edmisten, Attorney General, by Ralf F. Haskell, Assistant Attorney General for Third-Party Defendant-Appellant.*

MITCHELL, Justice.

The plaintiff, administratrix of the estate of James Everette Teachy, Jr., brought an action in the Superior Court of Wayne County against Coble Dairies, Inc. and Edward Dean Holmes for the wrongful death of her intestate. The death allegedly resulted from the collision of an automobile driven by the decedent with a truck owned by the defendant Coble Dairies, Inc. and operated by the defendant Holmes. The defendants filed answers denying

their negligence and alleging contributory negligence. The defendants also filed a third-party complaint against the Department of Transportation of the State of North Carolina alleging negligence in the maintenance of a traffic light at the intersection where the collision occurred.

The third-party defendant, the Department of Transportation of the State of North Carolina, filed a bifold motion to dismiss the third-party complaint consisting of a motion to dismiss for failure to state a claim upon which relief could be granted and a motion to dismiss for lack of jurisdiction based upon the doctrine of sovereign immunity. The trial court denied both. The Court of Appeals refused to review the denial of either motion on grounds that the denial of such motions is not immediately appealable. For the reasons stated herein, we consider those questions rejected by the Court of Appeals and hold that the doctrine of sovereign immunity does not prevent the State from being joined as a third-party defendant to a tort action brought in the courts of North Carolina.

The denial of a motion to dismiss for failure to state a claim upon which relief can be granted, made pursuant to Rule 12(b)(6), Rules of Civil Procedure, G.S. 1A-1, is an interlocutory order from which no immediate appeal may be taken. *State v. School,* 299 N.C. 351, 261 S.E. 2d 908, *appeal dismissed,* 449 U.S. 807, 66 L.Ed. 2d 11, 101 S.Ct. 55 (1980). The Court of Appeals correctly refused to review the trial court's denial of the motion of the State as third-party defendant to dismiss on this ground.

The Court of Appeals further held that the denial of a motion to dismiss on grounds of sovereign immunity is not immediately appealable. This decision was based on the conclusion that the denial of a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction is not immediately appealable and the *sub silentio* determination that sovereign immunity is a matter of subject matter jurisdiction. This decision by the Court of Appeals squarely conflicts with its decisions in *Stahl-Rider, Inc. v. State,* 48 N.C. App. 380, 269 S.E. 2d 217 (1980) and *Sides v. Hospital,* 22 N.C. App. 117, 205 S.E. 2d 784 (1974), *modified,* 287 N.C. 14, 213 S.E. 2d 297 (1975).

[1]   In holding that the denial of a motion under Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction is not immediately

appealable, the Court of Appeals relied on *Shaver v. Construction Co.*, 54 N.C. App. 486, 283 S.E. 2d 526 (1981), wherein it interpreted G.S. 1-277. That statute provides for immediate appeal of certain orders and determinations of trial judges. An order granting a motion to dismiss for lack of subject matter jurisdiction is immediately appealable under G.S. 1-277(a), because it determines or discontinues the action. G.S. 1-277(b) permits the immediate appeal of a ruling, whether granting or denying a motion to dismiss under Rule 12(b)(2), as to the court's jurisdiction over the defendant's person or property. The *Shaver* opinion acknowledged that, while G.S. 1-277(b) permits the immediate appeal of an order denying a motion made pursuant to Rule 12(b)(2) to dismiss for lack of jurisdiction over the person, that statute does not apply to orders denying motions made pursuant to Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction. The Court of Appeals held that such orders, the same as other orders not determinative of an action, are interlocutory and therefore not immediately appealable. Under the principle of *inclusio unius est exclusio alterius*, the reasoning of the Court of Appeals on this point is sound. The contrary holding in *Eller v. Coca-Cola Co.*, 53 N.C. App. 500, 281 S.E. 2d 81 (1981) and *Kilby v. Dowdle*, 4 N.C. App. 450, 166 S.E. 2d 875 (1969) should be disregarded.

The application of the foregoing rule to the instant case is not so unassailable, however. Courts have differed as to whether sovereign immunity is a matter of personal or subject matter jurisdiction. The very ambiguity in the couching of the motion to dismiss is indicative of this confusion. A viable argument may be propounded that the State, as a party, is claiming by the doctrine of sovereign immunity that the particular forum of the State courts has no jurisdiction over the State's person. *See Stahl-Rider, Inc. v. State*, 48 N.C. App. 380, 269 S.E. 2d 217 (1980); *Sides v. Hospital*, 22 N.C. App. 117, 205 S.E. 2d 784 (1974), *modified*, 287 N.C. 14, 213 S.E. 2d 297 (1975). On the other hand, the doctrine may be characterized as an objection that the State courts have no jurisdiction to hear the particular subject matter of tort claims against the State. *See Petition of Petrol Shipping Corp.*, 360 F. 2d 103 (2d Cir.) *cert. denied*, 385 U.S. 931, 17 L.Ed. 2d 213, 87 S.Ct. 291 (1966); 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1351 (1969). Although the federal courts have tended to minimize the importance of the designation of a sovereign

immunity defense as either a Rule 12(b)(1) motion regarding subject matter jurisdiction or a Rule 12(b)(2) motion regarding jurisdiction over the person, the distinction becomes crucial in North Carolina because G.S. 1-277(b) allows the immediate appeal of a denial of a Rule 12(b)(2) motion but not the immediate appeal of a denial of a Rule 12(b)(1) motion. The determination of this issue is not essential to this Court's authority to decide the instant case, however, because the case is before us on discretionary review under G.S. 7A-31, and we elect to exercise our supervisory authority to determine the underlying issues. *See Consumers Power Co. v. Power Co.*, 285 N.C. 434, 206 S.E. 2d 178 (1974) (exercise of supervisory jurisdiction when appeal did not lie). Moreover, our decision on the merits should abate the recurrence of such attempted immediate appeals. Therefore, we do not determine whether sovereign immunity is a question of subject matter jurisdiction or whether the denial of a motion to dismiss on grounds of sovereign immunity is immediately appealable.

Sovereign immunity, as Justice Miller once observed, is a principle which "has never been discussed or the reasons for it given, but . . . has always been treated as an established doctrine." *United States v. Lee*, 106 U.S. 196, 207, 27 L.Ed. 171, 177, 1 S.Ct. 240, 250 (1882). The concept of sovereign immunity, extant in the English common law, made its way into the common law of colonial North Carolina and remains in force in this State. G.S. 4-1; *Bruton v. Enterprises, Inc.*, 273 N.C. 399, 160 S.E. 2d 482 (1968). Anomalously, the rationale underlying English sovereign immunity — that the King can do no wrong — was implicitly rejected by the abolition of the monarchy in this country. Comment, *Sovereign Immunity: A Modern Rationale in Light of the 1976 Amendments to the Administrative Procedure Act*, 1981 DUKE L.J. 116, 118.

The perceived pervasiveness of the principle is evidenced by the repeated characterization of sovereign immunity as "an established principle of jurisprudence in all civilized nations." *Beers v. Arkansas*, 61 U.S. (20 How.) 527, 529, 15 L.E. 991, 992 (1857), *quoted in Carpenter v. Railroad*, 184 N.C. 400, 402, 114 S.E. 693, 694 (1922). This Court continued to endorse the doctrine in such language until relatively recently. *See Schloss v. Highway Commission*, 230 N.C. 489, 53 S.E. 2d 517 (1949).

Meanwhile, the oft-criticized principle was abrogated in part by legislative enactments. Congress passed the Federal Tort Claims Act in 1946. 60 Stat. 842 (1946), 28 U.S.C. §§ 2671-2680, 1346(b), 1402(b), 2402, 2411 (1948). A year later, the United Kingdom abolished such immunity. English Crown Proceeding Act of 1947, 10-11 Geo. VI, c. 44. In North Carolina, the doctrine was initially eroded by piecemeal legislation. *See A Survey of Statutory Changes - Torts: Tort Claims Against the State,* 29 N.C.L. REV. 416, 417 (1951). Special statutes were passed to allow certain tort claims against the State to be heard by the State Board of Education, by various other agencies, and later by the Industrial Commission. *Id.* Finally, the 1951 General Assembly established permanent means for resolving tort claims against the State through the Tort Claims Act. 1951 N.C. Sess. Laws 1059 (current version at G.S. 143-291 *et seq.*).

The effect of the Tort Claims Act was twofold. First, the State partially waived its sovereign immunity by consenting to direct suits brought as a result of negligent acts committed by its employees in the course of their employment. Second, the Act provided that the forum for such direct actions would be the Industrial Commission, rather than the State courts. The Act was silent as to the issue in the instant case: whether the State may be brought into the State courts as a third-party defendant.

Rule 14 of the Rules of Civil Procedure, G.S. § 1A-1, encompasses third-party practice. Rule 14(a) permits a defendant in the State courts to sue a person not a party to the action who is or may be liable to the defendant for all or part of the plaintiff's claim against the defendant. The original defendant, as the third-party plaintiff, initiates the action by serving a third-party complaint and summons upon the intended person, the third-party defendant. Rule 14(b) permits a plaintiff who has been served with a counterclaim to use the same means to bring in a third-party defendant to the counterclaim.

In 1975, the General Assembly amended Rule 14 to add subsection (c). 1975 N.C. Sess. Laws 587. As enacted, and as in effect at the time of the filing of the third-party complaint herein, Rule 14(c) provided:

> (c) Rule applicable to State of North Carolina.—Notwithstanding the provisions of the Tort Claims Act, the State of

North Carolina may be made a third-party plaintiff under subsection (a) or a third-party defendant under subsection (b) in any tort action. In such cases, the same rules governing liability and the limits of liability of the State and its agencies shall apply as is provided for in the Tort Claims Act.

In addition to adding subsection (c) to Rule 14, the General Assembly in the same legislative act amended the Uniform Contribution among Tort-Feasors Act, G.S. 1B-1(h), to provide:

(h) The provisions of this Article shall apply to tort claims against the State. However, in such cases, the same rules governing liability and the limits of liability shall apply to the State and its agencies as in cases heard before the Industrial Commission. The State's share in such cases shall not exceed the pro rata share based upon the maximum amount of liability under the Tort Claims Act.

1975 N.C. Sess. Laws 587.

As originally enacted, Rule 14(c) allowed the State to be a third-party plaintiff under Rule 14(a). By its terms, however, Rule 14(a) permits *defendants* to become third-party plaintiffs. The State cannot be the original defendant in a direct tort action brought in the State courts; therefore it would seem that the State could not satisfy Rule 14(a)'s express requisites for becoming a third-party plaintiff. This portion of the original rule, were it interpreted strictly and literally, would be nugatory.

The General Assembly attempted to clarify the matter in 1981 with "AN ACT TO MAKE CLEAR THAT THE STATE MAY BE EITHER A THIRD-PARTY PLAINTIFF OR DEFENDANT IN CERTAIN ACTIONS." 1981 N.C. Sess. Laws 810. The amendment substitutes "third party" in place of "third-party plaintiff" in the first sentence of Rule 14(c). Although the caption of the 1981 enactment indicates that the State can be a third-party plaintiff under Rule 14(a), the essence of the amendment evidences the legislature's intent to allow the State to be sued as a third-party defendant in the State courts.

We find this also to have been the legislature's initial intention in enacting Rule 14(c). Although the 1981 amendment has no retroactive effect, it does indicate the current legislative intent and sheds considerable light upon the rationale behind the 1975

enactment. That the 1981 amendment is a clarification rather than an alteration is apparent from its title: "AN ACT TO MAKE CLEAR . . . ." To interpret the original language of Rule 14(c), inconsistently with the 1981 amendment, as barring actions against the State as a third-party defendant in the State courts would vitiate the 1975 enactment of meaning. Its very preamble, "Notwithstanding the provisions of the Tort Claims Act . . .", implies that that Act, and its conferral of jurisdiction on the Industrial Commission for tort claims against the State, is being supplemented. Moreover, in the very same legislative enactment, the General Assembly amended the Uniform Contribution among Tort-Feasors Act to allow the State to be sued for contribution. Its language that "the same rules governing liability and the limits of liability shall apply to the State and its agencies as in cases heard before the Industrial Commission" strongly suggests that those cases are to be heard somewhere other than in the Industrial Commission.

[2]  To find that the abrogation of sovereign immunity impels such a strict construction as to thwart the obvious legislative intent and to render meaningless an act of the General Assembly would be anomalous, aberrant, and abhorrent. *See State v. Fearing,* 304 N.C. 471, 483, 284 S.E. 2d 487, 494 (1981) (Huskins, J., dissenting); *In Re Banks,* 295 N.C. 236, 244 S.E. 2d 386 (1978); *Comr. of Insurance v. Automobile Rate Office,* 294 N.C. 60, 241 S.E. 2d 324 (1978). Therefore, we construe the original language of Rule 14(c) as containing a clerical error. *See State v. Daniels,* 244 N.C. 671, 94 S.E. 2d 799 (1956); *Murphy v. Webb,* 156 N.C. 402, 72 S.E. 460 (1911). The term "third-party plaintiff" in the 1975 enactment should be read "third party" or "third-party defendant." We accordingly interpret the 1981 amendment as not altering Rule 14(c) substantively, but instead as reiterating the intention of the legislature that the State be subject to tort claims as a third-party defendant in the State courts.

The third-party complaint in the instant case is composed of two claims for relief: one claim for contribution from the State as a joint tort-feasor and one claim for indemnification by the State as the primarily and actively negligent party. G.S. 1B-1(h) allows the State to be sued for contribution as a joint tort-feasor. The State strenuously argues that under the doctrine of *expressio*

*unius est exclusio alterius,* G.S. 1B-1(h) does not permit the State to be sued for indemnification.

[3] Irrespective of whether G.S. Chapter 1B codifies the right to indemnification as it does the right to contribution, there exists in North Carolina a common law right to indemnification of a passively negligent tort-feasor from an actively negligent tort-feasor. *Edwards v. Hamill,* 262 N.C. 528, 138 S.E. 2d 151 (1964). The right to indemnification arises out of a tort claim, the State's immunity to which was abrogated by the Tort Claims Act. 1951 N.C. Sess. Laws 1059 (current version at G.S. 143-291 *et seq.*). The only controversy is whether the State courts are the proper forum for such actions. We recognize that actions for indemnification, as well as actions for contribution, are generally brought by means of a third-party complaint. Rule 14(c) does not limit the nature or character of third-party actions permissible against the State. We therefore hold that the State may be joined as a third-party defendant, whether in an action for contribution or in an action for indemnification, in the State courts.

As previously acknowledged herein, the Court of Appeals correctly determined that the denial of a motion to dismiss under Rule 12(b)(6) is interlocutory and thus not immediately appealable. Due to our determination that the State may be sued as a third-party defendant in the State courts, interests of the administration of justice would be best served by our present consideration of the State's claim that the third-party complaint failed to state a claim for relief in that it did not comply with the requisites for the affidavit required in cases heard before the Industrial Commission. We therefore elect, pursuant to our supervisory authority and the provisions of G.S. 7A-31, to review that decision. *See Green v. Duke Power Co.,* 305 N.C. 603, 290 S.E. 2d 593 (1982).

[4] G.S. 143-297 provides that in all claims brought before the Industrial Commission under the Tort Claims Act an affidavit must be filed setting forth, *inter alia,* "the name of the department, institution or agency of the State against which the claim is asserted, and the name of the State employee upon whose alleged negligence the claim is based." Rule 14(c) and G.S. 1B-1(h) provide that the same rules governing liability and the limits of liability of the State and its agencies shall apply in cases heard before the State courts as in cases heard before the Industrial Commission.

The requirement of an affidavit delineated in G.S. 143-297 is not a rule governing liability or the limits of liability of the State and its agencies. Rather, it is a procedural rule. Uniformity of pleadings without regard to the identity of particular parties is a necessity in the State courts. Therefore, actions brought against the State as a third-party defendant in the State courts need not conform to the pleading requirements of the Industrial Commission. The third-party plaintiff must, however, prove the same elements as required in cases heard before the Industrial Commission. G.S. 1B-1(h); Rule 14(c). Thus, the trial court did not err in denying the State's motion, made pursuant to Rule 12(b)(6), to dismiss for failure to state a claim upon which relief could be granted.

For the reasons enunciated herein, we find the trial court did not err in denying the State's motions to dismiss the third-party complaint. The Opinion of the Court of Appeals dismissing the appeal is vacated and the cause remanded to the Court of Appeals for further remand to the Wayne Superior Court to proceed with trial.

Vacated and remanded.