DUKE UNIVERSITY v. BRYANT-DURHAM ELECTRIC COMPANY, INC. AND RICHARDS & ASSOCIATES, INC., A JOINT VENTURE

No. 8314SC126

(Filed 21 February 1984)

Appeal and Error § 6.2— denial of motion to dismiss—interlocutory order

Defendant's attempted appeal from an order denying his motion to dismiss for lack of subject matter jurisdiction was interlocutory and therefore premature. G.S. 1-277(a) and G.S. 7A-27(d).

APPEAL by defendant from *Preston, Judge.* Order entered 2 December 1982 in Superior Court, DURHAM County. Heard in the Court of Appeals 12 January 1984.

On 9 January 1980, Bryant-Durham Electric Company, Inc. and Richards & Associates, Inc., a joint venture (hereinafter "BDR"), filed a complaint for breach of contract against Duke University (hereinafter Duke), 80CVS89. Duke thereafter filed its answer and counterclaim. On 1 September 1982, Duke filed a motion to amend its counterclaim in order to add a claim of misrepresentation against defendant, based on newly discovered information. Duke's motion to amend its counterclaim was denied on 27 September 1982.

On 2 November 1982, Duke instituted the present suit by filing a complaint against BDR which incorporated the allegations in Duke's answer, counterclaim, and proposed amended counterclaim in 80CVS89. Duke subsequently filed motions to consolidate

this action with 80CVS89. On 18 November 1982, defendant BDR filed a motion to dismiss and response in opposition to Duke's motion to consolidate. On 2 December 1982, a hearing was held on defendant BDR's motion to dismiss and plaintiff Duke's motion to consolidate. An order was entered denying the BDR motion to dismiss and reserving ruling on Duke's motion to consolidate the present action with 80CVS89.

From denial of defendant's motion to dismiss the complaint in this action, defendant appeals.

*Dailey J. Derr and Thomas N. Frisby, for defendant-appellant.*

*Powe, Porter & Alphin, by E. K. Powe and William E. Freeman, for plaintiff-appellee.*

EAGLES, Judge.

Defendant BDR here attempts to appeal from an order denying its motion to dismiss this action for lack of subject matter jurisdiction because, defendant contends, this action must be a compulsory counterclaim in 80CVS89. We find that the order denying the motion to dismiss is an interlocutory order, and therefore we dismiss defendant's appeal.

G.S. 1-277(a) provides that no appeal lies from an interlocutory order or ruling of a trial judge unless such ruling or order deprives appellant of a substantial right which he would lose if the ruling or order is not reviewed before final judgment. *North Carolina Consumers Power, Inc. v. Duke Power Co.,* 285 N.C. 434, 206 S.E. 2d 178 (1974); see also G.S. 7A-27(d). While G.S. 1-277(b) provides that appeal does lie from denial of a motion to dismiss for lack of *personal* jurisdiction, this does not apply to the denial of a motion challenging *subject matter* jurisdiction. A trial judge's order denying a motion to dismiss for lack of subject matter jurisdiction is interlocutory and not immediately appealable. *Shaver v. N.C. Monroe Construction Co.,* 54 N.C. App. 486, 283 S.E. 2d 526 (1981).

Although our Supreme Court has reviewed the denial of a motion to dismiss in certain cases, including *North Carolina Consumers Power, Inc. v. Duke Power, supra,* these cases "stand for

the proposition that the appellate courts will entertain an appeal from an order denying a motion to dismiss in some cases and *elect* to review some cases on their merits, but this does not mean that the appeal from such interlocutory orders is any less fragmentary." *Shaver v. N.C. Monroe Construction*, 54 N.C. App. at 487, 283 S.E. 2d at 527. We do not elect to entertain this interlocutory appeal. Defendant here may preserve its exception to the trial court's failure to dismiss for lack of subject matter jurisdiction and assign that as error upon appeal from a final judgment entered in the cause. See *Blackwelder v. State Dept. of Human Resources*, 60 N.C. App. 331, 299 S.E. 2d 777 (1983).

On the facts before us, we are unable to find, as this court did in *Atkins v. Nash*, 61 N.C. App. 488, 300 S.E. 2d 880 (1983), that plaintiff's cause of action here was a compulsory counterclaim in the prior pending action. However, from the record now before us it appears that judicial economy would best be served by consolidating this action with 80CVS89.

Defendant's appeal is

Dismissed.

Judges HEDRICK and BRASWELL concur.