An unpointed unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-492

Filed 18 February 2026

North Carolina Industrial Commission, No. TA-31082

TERESA LANE WATERS, Plaintiff,

v.

STATE OF NORTH CAROLINA JUDICIAL STANDARDS COMMISSION, Defendant.

Appeal by plaintiff from order entered 5 December 2024 for the Full Commission by Chairman Phillip A. Baddour, III in the North Carolina Industrial Commission. Heard in the Court of Appeals 27 January 2026.

*Teresa Lane Waters, pro se plaintiff-appellant.*

*Attorney General Jeff Jackson, by Special Deputy Attorney General Ashley Weathers, for defendant-appellee.*

ARROWOOD, Judge.

Teresa Lane Waters ("plaintiff") appeals from an order by the North Carolina Industrial Commission ("Commission") dismissing her claim against the North Carolina Judicial Standards Commission ("JSC"). For the following reasons, we affirm the order.

I.  Background

On 15 August 2023, plaintiff filed a claim for damages under the Tort Claims Act ("TCA") with the Commission.  The claim named JSC as the defendant and alleged $1,000,000.00 in damages by reason of the negligent conduct of JSC Executive Director Brittany Pinkham.  Plaintiff's affidavit alleged that her injury giving rise to the claim occurred around 11 August 2020 at the "Union County District Attorney Office and/or Union County Detention Center."

In describing how her injury occurred, plaintiff wrote:

> Brittany Pinkham notified [plaintiff] that she could not file and/or barred complaints from [plaintiff] from filing complaints of Judicial Judges of N.C. on the date of April 17, 2023, under United States Postal Mail Service. On August 11, 2020, Union County Detention Center placed [plaintiff under] arrest for cyberstalking of witness "Willie Richard Brooks Junior." [Plaintiff] suffered false imprisonment, slander, and libel. Union County District Attorney Office neglected to take case number 19CR050270 to trial, cause witness does not wish to proceed.

Plaintiff further alleged that Executive Director Pinkham neglected to investigate plaintiff's injuries and damages, thereby not meeting her duty of care and causing plaintiff to suffer injuries, false imprisonment, slander and libel.  Plaintiff's original affidavit contained no other factual allegations in support of her claim.

Attached to the affidavit was Executive Director Pinkham's letter to plaintiff dated 17 April 2023.  The letter explained that the JSC met and reviewed plaintiff's complaints and the additional information she had submitted against the judges

involved in her Union County civil litigation.  JSC found that plaintiff had "abused the [JSC's] complaint process through ongoing and excessive filings of information that repeat information already reviewed and dismissed by the [JSC]."  Accordingly, pursuant to Rule 9(f) of JSC's rules, JSC ordered that plaintiff was barred from filing further complaints or correspondence relating to her civil litigation.  *See* Rules of the N.C. Jud. Standards Comm'n, Rule 9(f) (Abuse of the Complaint Process).

JSC moved to dismiss plaintiff's claim on 28 September 2023.  JSC provided four grounds for dismissal.  First, JSC alleged that plaintiff's claims were barred by res judicata because plaintiff had previously filed two State Tort Claims arising from the same facts and occurrences.  Second, JSC alleged that plaintiff failed to state a claim upon which relief may be granted because the facts in the allegations were not sufficient to establish negligence on the part of JSC.  Third, JSC claimed that the Commission lacked jurisdiction over plaintiff's claims because the Union County District Attorney's Office and the Union County Detention Center are not state agencies for the purpose of the TCA.  Additionally, much of plaintiff's claim alleged intentional torts which do not fall under the TCA.  Lastly, JSC alleged that plaintiff's claim was barred by statute of limitations.

On 7 October 2023, plaintiff served JSC with a "First Set of Interrogatories and Request for Production of Documents for Defendant."  JSC moved to stay discovery on 16 November 2023.  That same day, plaintiff responded and Deputy Commissioner Hullender granted JSC's motion to stay discovery pending disposition

of the proceedings. Plaintiff then filed several additional documents and motions including a motion of clarification asking JSC's counsel to clarify who they represented.

A pre-trial conference before Deputy Commissioner Hullender was held on 11 December 2023. There, plaintiff responded to JSC's motion to dismiss and explained that she brought her claim because "she felt there was a deep injustice" due to JSC barring her from bringing further complaints. JSC also responded to plaintiff's various motions and requested that the Commission impose a gatekeeping order against plaintiff pursuant to Rule 11 of the North Carolina Rules of Civil Procedure. JSC explained that plaintiff had filed numerous irrelevant documents and continuously filed documents in this case and other lawsuits outside of the Commission's jurisdiction.

On 13 December 2023, Deputy Commissioner Hullender issued an Order denying plaintiff's request for a continuance and dismissing plaintiff's claim with prejudice. Deputy Commissioner Hullender concluded that plaintiff failed to state a claim upon which relief could be granted because plaintiff "had not stated the specific acts of negligence allegedly committed by any officer, employee, involuntary servant, or agent of the State of North Carolina which proximately caused her any injury or damage." Additionally, Deputy Commissioner Hullender found that the Commission lacked jurisdiction over plaintiff's claims because plaintiff named attorneys that are not employees of the State for purposes of the TCA and alleged intentional torts which

fall outside of the scope of the TCA. The Order did not address any of the other pending motions due to the dismissal of the claim.

Plaintiff filed a notice of appeal to the Full Commission on 18 December 2023. On 5 December 2024, the Full Commission issued an Order by Chairman Phillip A. Baddour, III finding that Deputy Commissioner Hullender did not err in granting JSC's Motion to Stay Discovery and Motion to Dismiss. Additionally, the Full Commission granted JSC's request for a Gatekeeping Order after finding that plaintiff "engaged in a pattern of flooding the Industrial Commission with a deluge of meritless claims as well as irrelevant and vexatious filings in each of her claims." The Full Commission also reviewed and denied all motions before them filed by plaintiff.

Plaintiff filed notice of appeal to this Court on 13 January 2025. On 26 March 2025, plaintiff filed a proposed record on appeal. JSC objected to the proposed record on 25 April 2025. Plaintiff filed a response to JSC's objections and requested a judicial settlement conference for the record on appeal on 2 May 2025. Plaintiff asked to have the settlement conference in person because she did not have Microsoft Teams or a strong phone signal. On 7 May 2025, Commissioner James C. Gillen issued an order denying plaintiff's motion for conference to settle the record and sustaining all of JSC's objections to the record. Thus, Commissioner Gillen ordered that the record was settled in accordance with JSC's 25 April 2025 objections.

II.     Discussion

Plaintiff raises three issues on appeal: 1) whether Commissioner Gillen erred in Order filed on 7 May 2025; 2) whether the Full Commission erred in Order filed on 5 December 2024; and 3) whether Commissioner Hullender erred in Order filed 13 December 2023. We consider each issue in turn.

### A. Standard of Review

Review of appeals from the Industrial Commission "shall be for errors of law only under the same terms and conditions as govern appeals in ordinary civil actions[.]" N.C.G.S. § 143-293 (2025). The standard of review for motions to dismiss for failure to state a claim and for lack of subject matter jurisdiction is *de novo*. *See Estate of Stephens v. ADP TotalSource DE IV, Inc.*, 288 N.C. App. 208, 213 (2023).

### B. 7 May 2025 Order

As a preliminary matter, we address plaintiff's argument that Commissioner Gillen erred in his 7 May 2025 Order settling the record on appeal. Plaintiff argues that Commissioner Gillen wrongfully denied her request for an in-person settlement conference and discriminated against her pursuant to 42 U.S.C. § 12112 because plaintiff is disabled, indigent, and did not have the software or a strong enough phone signal to allow her to attend a virtual meeting. Plaintiff also argues that Commissioner Gillen's denial of her request violated her due process rights under the Fifth and Fourteenth Amendments to the United States Constitution.

42 U.S.C. § 12112 is a portion of the American with Disabilities Act that covers employment and workplace discrimination. Thus, it is inapplicable to the

discrimination alleged by plaintiff. As to her due process argument, plaintiff does not explain how her due process rights were violated and we find nothing in the record supporting her argument. Notably, though not in person, plaintiff had the opportunity to be heard on the issue when she filed her response to JSC's objections to the proposed record on appeal. Plaintiff offers no other authority requiring Commissioner Gillen to hold an in-person settlement conference. Accordingly, we find no error in Commissioner Gillen's 7 May 2025 Order settling the record on appeal.

### C.     13 December 2023 and 5 December 2024 Orders

Plaintiff contends that Deputy Commissioner Hullender erred in dismissing her complaint and that the Full Commission erred in affirming Deputy Commissioner Hullender's Order. Specifically, plaintiff argues that: 1) she sufficiently stated her negligence claim; 2) Deputy Commissioner Hullender erred in not addressing her motion for clarification; and 3) Deputy Commissioner Hullender should not have stayed discovery.

The TCA operates as a waiver of sovereign immunity and allows citizens to bring suits against the State for "negligent acts committed by its employees in the course of their employment." *Cedarbrook Residential Center, Inc. v. N.C. Dep't of Health & Hum. Servs*, 383 N.C. 31, 45 (2022) (quoting *Teachy v. Coble Diaries, Inc.*, 306 N.C. 324, 329 (1982)). Such negligence claims fall under the exclusive jurisdiction of the Commission which constitutes "a court for the purpose of hearing and passing

upon tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State." N.C.G.S. § 143-291(a). Notably, § 143-291(a) does not authorize the Commission to hear claims directly against counties, county agencies, or their employees. *Meyer v. Walls*, 347 N.C. 97, 105–08 (1997). Additionally, because the Commission is limited to hearing negligence claims, intentional tort claims fall outside of their jurisdiction. *Williams v. N.C. Dep't of Just., Crim. Standards Div.*, 273 N.C. App. 209, 212–13 (2020) (citing *Fennell v. N.C. Dep't of Crime Control & Pub. Safety*, 145 N.C. App. 584, 592 (2001)).

Insofar as it does not conflict with the TCA, the Commission applies the N.C. Rules of Civil Procedure to TCA claims. N.C.G.S. § 143-300 (2025); *Williams*, 273 N.C. App. at 212. Dismissal pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim for which relief can be granted is appropriate when "(1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim." *Cedarbrook Residential Center, Inc.*, 383 N.C. at 44 (quoting *Wood v. Guilford Cnty.*, 355 N.C. 161, 166 (2002)). "In reviewing the sufficiency of claims asserted against state agencies pursuant to the State Tort Claims Act, 'we treat [the] plaintiff's factual allegations contained in his affidavit before the Industrial Commission as true.' " *Id.* (alteration in original) (citing *Hunt v. N.C. Dep't of Lab.*, 348 N.C. 192, 194 (1998)).

To survive a motion to dismiss for failure to state a claim, a plaintiff claiming negligence " 'must show that: (1) [the] defendant failed to exercise due care in the performance of some legal duty owed to [the] plaintiff under the circumstances; and (2) the negligent breach of such duty was the proximate cause of the injury.' " *Id.* at 61 (alteration in original) (quoting *Bolkhir v. N.C. State Univ.*, 321 N.C. 706, 706 (1988)). "To prove proximate cause, a plaintiff must show that the injury would not have occurred but for the defendant's negligence." *Orsbon for Bosworth-Jones v. Milazzo*, 297 N.C. App. 96, 106 (2024).

Here, many of the allegations in plaintiff's affidavit fall outside of the Commission's jurisdiction. Plaintiff alleges that she suffered "false imprisonment, slander, and libel" caused by the Union County District Attorney Office and Union County Detention Center. False imprisonment, slander, and libel are intentional torts, which the Commission does not have the authority to review. Moreover, the Union County District Attorney Office and the Union County Detention Center are county offices that fall outside of the purview of the TCA. Thus, the Commission lacks jurisdiction over any of plaintiff's claims against the Union County officials or alleging false imprisonment, slander, and libel.

Additionally, plaintiff's remaining allegations in the affidavit are not sufficient to state a negligence claim. Plaintiff does not specifically allege that Executive Director Pinkham or the JSC owed her a duty of care. Rather, plaintiff merely states that Executive Director Pinkham barred her from filing complaints with the JSC and

that she was negligent. Furthermore, plaintiff alleged no injuries caused by the JSC barring her complaints. The only injury named in the affidavit was the suffering of false imprisonment, slander, and libel which the JSC could not have caused as it allegedly occurred before the JSC barred plaintiff from making complaints. Accordingly, "the complaint on its face reveals the absence of facts sufficient to make a good claim" and Deputy Commissioner Hullender did not err by dismissing plaintiff's claim. Because we conclude that plaintiff's affidavit failed to state a claim upon which relief can be granted, we need not reach the issues of plaintiff's subsequent motions before Deputy Commissioner Hullender.

## III.   Conclusion

For the foregoing reasons, we affirm the North Carolina Industrial Commission's Order dismissing plaintiff's claim.

AFFIRMED.

Judges ZACHARY and WOOD concur.

Report per Rule 30(e).