**WEN PRODUCTS, INC.,**
**Plaintiff/Counterdefendant,**

v.

**MASTER LEATHER INC.,**
**Defendant/Counterclaimant.**

No. 95 C 2119.

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 5, 1995.

Kevin W. Guynn, Scott William Petersen, Hill, Steadman & Simpson, Chicago, Illinois, for plaintiff.

Susan M. Rentschler, Masuda, Funai, Eifert & Mitchell, Ltd., Chicago, Illinois, for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

This matter is before the court on defendant's motion to transfer this action to the United States District Court for the District of Minnesota, Third Division, St. Paul, Minnesota, pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the court grants the motion to transfer.

### I. FACTS

Plaintiff, Wen Products, Inc. ("Wen Products"), an Illinois corporation, with its principal place of business in Naperville, Illinois, has filed this action against Master Leather, Inc. ("Master Leather"), a Minnesota corporation, with its principal place of business in Edina, Minnesota. Wen Products has sued Master Leather for trade dress infringement under 15 U.S.C. § 1125(a) along with other related claims.

In addition to the action before this court, Master Leather has commenced an action against Wen Products for breach of contract and related claims in the United States District Court for the District of Minnesota, Third Division. That case in Minnesota and the action before this court do not grow out of the same transaction or occurrence or involve the same issues of fact or law. Consequently, under this district's Local General Rule 2.31, the cases are not related; nevertheless, the court leaves the issue of consolidation to the discretion of the court in Minnesota.

### II. DISCUSSION

Master Leather's motion to transfer venue is made pursuant to 28 U.S.C. § 1404(a). Under § 1404(a), Master Leather, as the movant, has the burden of establishing that the transfer is appropriate. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir.1986). In order to do so, Master Leather must establish the following: (1) that venue is proper in the transferor forum, (2) that venue is proper in the transferee forum, and (3) that the transfer is for the convenience of the parties, the witnesses, and in the interest of justice. *Id.;* 28 U.S.C. § 1404(a). The weighing of these factors for and against transfer requires "individualized, case-by-case consideration of convenience and fairness." *Coffey*, 796 F.2d at 219 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964)).

Neither party disputes that venue is proper in both the transferor and transferee districts under 28 U.S.C. § 1391(a); therefore, the court's only inquiry is whether Master Leather has met its burden with respect to the third element.

### A. Plaintiff's Choice of Forum

██ A plaintiff's choice of forum is an important consideration in determining

whether or not a motion to transfer should be granted. *Heller Financial, Inc. v. Riverdale Auto Parts, Inc.,* 713 F.Supp. 1125, 1129 (N.D.Ill.1989). It, however, is not absolute and will not defeat a well-founded motion to transfer. *General Accident Ins. Co. v. Travelers Corp.,* 666 F.Supp. 1203, 1206 (N.D.Ill. 1987). Accordingly, the court takes this into consideration along with all of the other factors in deciding the motion.

### B. *Convenience of the Parties*

Both parties contend that each will experience an inconvenience if the case proceeds in Illinois or Minnesota. The plaintiff argues that at least three current employees of the company would be inconvenienced if the case were to proceed in Minnesota because they are expected to be called as material witnesses and because all reside in the Northern District of Illinois. The defendant, meanwhile, argues that it would be inconvenienced if the case went forward in Chicago because its principal witness, Murray Laub, must limit his travel due to his heart condition and age. Mr. Laub is seventy-three years, has had heart trouble for five years, and his doctor has declared that he should not take extended travel. Given this condition and the fact that Master Leather is a relatively small company employing only two employees compared to Wen Products, a 225 employee firm with sales territories all over the United States, the court finds that this consideration favors transfer.

### C. *Convenience of Witnesses*

Both parties point out that their third party witnesses would also be inconvenienced. The defendant expects to call a witness from Acme Arts, a business located in St. Paul, to testify that Master Leather did not copy the alleged trade dress of Wen Products. The plaintiff, meanwhile, points out that it, too, expects to call third party witnesses. According to the plaintiff, Master Leather has raised a number of issues in its answer, affirmative defenses, and counterclaims and plaintiff is prepared to call at least six witnesses who might testify as to these issues. Given that the inconvenience falls on both parties with respect to this issue, the court finds that this factor does not weigh strongly in favor of either party.

### D. *Interest of Justice*

Finally, the court holds that transfer of the case to Minnesota will promote the interest of justice. This final component relates to the efficient administration of the court system, rather than the private consideration of the litigants. *Coffey,* 796 F.2d at 221; *Peach Tree Bancard Corp. v. Peachtree Bancard Network, Inc.,* 706 F.Supp. 639, 641 (N.D.Ill. 1989); *Karrels v. Adolph Coors Co.,* 699 F.Supp. 172, 177 (N.D.Ill.1988); *Bally Mfg. Corp. v. Kane,* 698 F.Supp. 734, 739 (N.D.Ill. 1988).

In this case, the court notes a number of considerations under this component that justify transfer. First, the relative ease of access to sources of proof favors transfer. *Letter–Rite, Inc. v. Computer Talk, Inc.,* 605 F.Supp. 717, 721 (N.D.Ill.1985). Intellectual property infringement suits often focus on the activities of the alleged infringer, its employees, and its documents. *Habitat Wallpaper and Blinds, Inc. v. K.T. Scott Ltd. Partnership,* 807 F.Supp. 470, 474 (N.D.Ill.1992). Here, Master Leather's business, employees and documents are all located in Minnesota.

Second, transfer of the case would likely result in a conservation of judicial resources. The parties have represented to the court that resolution of the case in Illinois is "inextricably tied" to a resolution of the case in Minnesota. For this reason, it makes far more sense to this court that both cases either be settled or litigated in the same forum.

Finally, a transfer of this case to Minnesota would more likely result in a speedy trial. The court notes that the Northern District of Illinois consistently ranks near the top of the most congested district court's nationally. *Chapman Associates General Business, Inc. v. Justak,* 734 F.Supp. 828, 831 (N.D.Ill. 1990). Thus, this factor also weighs in favor of transfer.

Consequently, this court concludes that the convenience of the parties and the interests of justice would best be served if this case were heard in the District of Minnesota.

Accordingly, the court grants defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a).

### III. CONCLUSION

For the reasons set forth above, defendant's motion to transfer this case to the United States District Court for the District of Minnesota, Third Division, St. Paul, Minnesota is granted.