**ALLIED METAL COMPANY, Plaintiff,**

v.

**EDGERTON METAL PRODUCTS, INC. and Edgerton Metals Corporation, Defendants.**

**No. 95 C 2995.**

United States District Court, N.D. Illinois, Eastern Division.

Dec. 19, 1995.

Joseph L. Matz, J. Michael Williams, Kenneth Bruce Rollin, Holleb & Coff, Chicago, Illinois, for plaintiff.

M. Marshall Seeder, Sachnoff & Weaver, Ltd., Chicago, Illinois, Gregory O. Port, Columbus, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Plaintiff, Allied Metal Company ("Allied"), brought this action against Edgerton Metal Products, Inc. ("EMP") alleging account stated, breach of contract, and unjust enrichment. Allied later added Edgerton Metals Corporation ("EMC") as an additional defendant. EMP has filed a motion to dismiss the complaint pursuant to FED.R.CIV.P. 12(b)(2) and (6) or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a). EMC has filed a motion to dismiss the complaint pursuant to FED.R.CIV.P. 12(b)(5).

### I. FACTS

Allied commenced this action against EMP on May 19, 1995, alleging account stated, breach of contract, and unjust enrichment. EMP answered the original complaint on July 5, 1995. On August 15, 1995, Allied filed an amended complaint, adding EMC as a defendant. Allied is an Illinois corporation; EMP and EMC are Ohio corporations.

Prior to November, 1993, EMP manufactured metal die cast products. Allied is a supplier of smelted and refined aluminum and related products. EMP began ordering goods from Allied in 1985. On November 15, 1993, EMP sold its assets to EMC, which now operates from the same location as EMP did prior to the sale. Allied was unaware of the sale of assets.

Allied received nine orders from someone at "Edgerton" between February 28, 1995 and April 26, 1995. Allied accepted, prepared, and shipped the goods, along with invoices, to "Edgerton Metal Products" at 218 E. Bement, Edgerton, Ohio, similar to its past practices. The goods were accepted in Ohio but payment has not been received by Allied.

Allied then filed its complaint. Soon thereafter, Allied received notification that the goods had, in fact, been ordered by EMC, not EMP. After receiving leave from the court, Allied amended its complaint to include EMC as a defendant.

### II. DISCUSSION

EMP and EMC have each filed motions to dismiss. The court considers each defendant's motion in turn, beginning with EMP's.

### A. EMP

EMP moves to dismiss Allied's complaint on the grounds that this court lacks personal jurisdiction over EMP and that Allied has failed to state a claim upon which relief can be granted. Rule 12(h)[1] provides

1. Rule 12(h) states, in pertinent part:
 (h) **Waiver or Preservation of Certain Defenses.**
 (1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

for the waiver of certain Rule 12(b) defenses if they are not raised in the first responsive pleading. *See O'Brien v. R.J. O'Brien & Associates, Inc.,* 998 F.2d 1394, 1399 (7th Cir.1993). Lack of jurisdiction over the person is included among those defenses that will be waived. *See Varone v. Varone,* 392 F.2d 855, 857 (7th Cir.), *cert. denied,* 393 U.S. 872, 89 S.Ct. 162, 21 L.Ed.2d 141 (1968). As stated previously, EMP filed an answer to the complaint on July 5, 1995. In this answer, EMP did not raise the defense of lack of personal jurisdiction over the person. Therefore, this defense is waived.[2] Accordingly, defendant EMP's motion to dismiss pursuant to FED.R.CIV.P. 12(b)(2) is denied.

Next, EMP asserts that Allied has failed to state a claim upon which relief can be granted against EMP. This defense is not included among those that must be raised in a defendant's first responsive pleading. FED.R.CIV.P. 12(h)(2). In their Rule 12(b)(6) motion, EMP states that a predecessor corporation cannot be held liable for the debts of a successor corporation following a sale to the successor of the predecessor's assets. Therefore, EMP argues that since it sold its assets to EMC well before EMC incurred the debts that are the subject of this action, EMP should not be held liable. The court recognizes EMP's argument, however this is not the proper time to raise it.

■ Under Federal Rule of Civil Procedure 8(a) and the principles of notice pleading, a plaintiff need only made a "short and plain statement of the claim" sufficient to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. FED.R.CIV.P. 8(a). Plaintiff's claim may only be dismissed if it appears beyond doubt that he "can prove no set of facts in support of his claim which would

entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (footnote omitted). The court also notes that Rule 12(b)(6) motions address the face of the complaint. *Marks v. CDW Computer Centers, Inc.,* 901 F.Supp. 1302, 1308 (N.D.Ill.1995).

■ In this case, the plaintiff Allied has stated three simple claims: account stated, breach of contract, and unjust enrichment. The three claims for relief, while brief, are sufficient for purposes of notice pleading. Accordingly, defendant EMP's motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6) is denied. Defendant EMP's argument that it should not be held liable because it is a predecessor corporation, meanwhile, goes entirely outside of the face of the complaint. Furthermore, that argument alone does not show beyond doubt that plaintiff cannot prove any set of facts against EMP which would entitle it to relief. *See, e.g., Milwaukee Cheese Co. v. Rockford Carriage House, Inc.,* 132 Ill.App.2d 879, 271 N.E.2d 670 (2d Dist.1971).

### B. *EMC*

■ Now the court turns to defendant EMC's motion to dismiss for insufficiency of service of process. Under Rule 4(k)[3] it must be shown that the forum state has jurisdiction over the defendant in order for the defendant to be effectively served. Therefore, Illinois courts must have jurisdiction over EMC for service to be effective to hale EMC into federal court in Illinois. In deciding a motion to dismiss, the court accepts undenied allegations of fact as true and resolves disputes of fact in favor of the party seeking jurisdiction. *Saylor v. Dyniewski,* 836 F.2d 341, 342 (7th Cir.1988).

---

FED.R.CIV.P. (12)(h).

**2.** The fact that an amended complaint was filed does not resurrect a claim to previously waived defenses. *Gilmore v. Shearson/American Express, Inc.,* 811 F.2d 108, 112 (2d Cir.1987); *Rowley v. McMillan,* 502 F.2d 1326, 1332–33 (4th Cir. 1974); *Brohan v. Volkswagen Manufacturing Corp. of America,* 97 F.R.D. 46 (E.D.N.Y.1983); *Ross v. United States,* 574 F.Supp. 536 (S.D.N.Y. 1983).

**3.** Rule 4(k) states in pertinent part:

 **(k) Territorial Limits of Effective Service**
 (1) Service of a summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant
 (A) who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located,
 ...

FED.R.CIV.P. 4(k)(1).

■ The establishment of jurisdiction by a state court over a nonresident defendant is a two-step process. *Dehmlow v. Austin Fireworks,* 963 F.2d 941, 945 (7th Cir.1992). First, a state statute must authorize jurisdiction over the defendant. *Id.* Second it must be determined that such jurisdiction is within constitutional bounds. *Id.*

The Illinois long-arm statute was amended, effective September 7, 1989, to include a catch-all provision that provides that a court "may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois constitution and the Constitution of the United States." 735 ILCS 5/2–209(c) (1992). Under this provision, as long as due process is satisfied, jurisdiction is met irrespective of whether a defendant has done any of the acts enumerated under other sections of the long arm statute. *Mors v. Williams,* 791 F.Supp. 739, 741 (N.D.Ill.1992). Therefore, in analyzing defendant EMC's motion to dismiss, "the central issue raised is whether this court's exercise of personal jurisdiction ... is constitutional so as not to offend the due process clause of the Fourteenth Amendment and the due process clause of the Illinois constitution." *Id.*

■ Due process requires that a nonresident defendant have "minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)). The Supreme Court later defined minimum contacts as "some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). Thus, the primary question under due process analysis is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

■ Two forms of personal jurisdiction have been recognized by the Supreme Court: general and specific. General jurisdiction exists over the defendant if "the defendant has 'continuous and systematic' contacts with the forum, even though those contacts have no relation to the underlying controversy." *Health Management Professionals, Inc. v. Diversified Business Enterprises, Inc.,* 882 F.Supp. 795, 798 (S.D.Ind.1995) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 9, 104 S.Ct. 1868, 1872 n. 9, 80 L.Ed.2d 404 (1984)). Specific jurisdiction, on the other hand, exists over the defendant "when the defendant's contacts with the forum are related to the controversy and these contacts reach a 'minimum' threshold." *Id.* (quoting *International Shoe Co.,* 326 U.S. at 316, 66 S.Ct. 154, 90 L.Ed. 95).

■ Here, it is clear that defendant EMC's alleged contacts with the forum are related to the controversy. Consequently, this court must decide whether EMC's contacts reach a minimum threshold and we conclude that they do. Here, the allegations made by the plaintiff include the initiation of nine separate orders by the out-of-state defendant with an Illinois corporation, the delivery of goods from Illinois, and the failure to make payments allegedly owed to the Illinois plaintiff pursuant to the agreement made between the parties. Based on these contacts, the court holds that EMC's contacts meet the minimum threshold required to exercise specific personal jurisdiction. Accordingly, the court concludes that the exercise of jurisdiction by the court does not violate the requirements of federal due process.

■ In Illinois, however, due process analysis does not stop at the federal level; the exercise of personal jurisdiction pursuant to the Illinois long-arm statute must also satisfy the due process guarantees of the Illinois Constitution. *Rollins v. Ellwood,* 141 Ill.2d 244, 152 Ill.Dec. 384, 398, 565 N.E.2d 1302, 1316 (1990). Under the Illinois Constitution's guarantee, jurisdiction may be asserted if it is "fair, just and reasonable to require a non-resident defendant to defend

an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Id.* Even though the court must conduct an independent analysis of due process under Illinois law, it can use federal due process analysis as guidance to construe the due process analysis of the Illinois Constitution. *Id.* Accordingly, this court finds that the guarantees set forth by the Illinois due process clause are satisfied as to EMC for the reasons set forth in the analysis of federal due process.

The Illinois long-arm statute grants personal jurisdiction over EMC in this case. Further, the exercise of this jurisdiction does not violate the due process clause of the U.S. Constitution or the Illinois Constitution. Therefore, an Illinois court would be able to assert jurisdiction in this matter. Since this court concludes that jurisdiction is proper in Illinois courts in this matter, jurisdiction under diversity of citizenship is also proper in this court. Therefore, service upon EMC was effective pursuant to Rule 4(k). Accordingly, defendant EMC's motion to dismiss pursuant to FED.R.CIV.P. 12(b)(5) is denied.

### C. *Motion to Transfer*

 Finally, this court must address EMP's motion to transfer venue, pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that a case may be transferred under that section "to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). EMP, as the movant, has the burden of establishing that the transfer is appropriate. *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219–20 (7th Cir.1986). In order to do so, EMP must establish the following: (1) that venue is proper in the transferor forum, (2) that venue is proper in the transferee forum, and (3) that the transfer is for the convenience of the parties, the witnesses, and in the interests of justice. *Id.;* 28 U.S.C. § 1404(a). The weighing of these factors for and against transfer requires "individualized, case-by-case consideration of convenience and fairness." *Coffey,* 796 F.2d at 219 (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964)).

 Here, the court finds for a number of reasons that EMP has not met its burden with respect to the third element. First, a plaintiff's choice of forum, while not absolute, is an important consideration in determining whether or not a motion to transfer should be granted. *Heller Financial, Inc. v. Riverdale Auto Parts, Inc.,* 713 F.Supp. 1125, 1129 (N.D.Ill.1989); *General Accident Ins. Co. v. Travelers Corp.,* 666 F.Supp. 1203, 1206 (N.D.Ill.1987). There should be a clear balance of inconvenience in favor of the moving defendant before plaintiff's choice of forum should be disturbed. *Butterick Co. v. Will,* 316 F.2d 111 (7th Cir.1963).

Second, the balance as to the convenience of the parties and witnesses does not strongly favor a transfer. Here, a transfer would merely shift the inconvenience from one party to the other. This is not a valid reason for transfer. *Countryman v. Stein Roe & Farnham,* 681 F.Supp. 479, 482 (N.D.Ill.1987).

Third, transfer of this case does not clearly facilitate the interests of justice. The parties in this case will be completing discovery in the next month. Consequently, given that the other factors do not clearly favor transfer, the court sees no reason to transfer this case at such a late stage of the proceedings.

Accordingly, defendant EMP's motion to transfer venue is denied.

### III. *CONCLUSION*

Defendant Edgerton Metals Corporation's Motion to Dismiss pursuant to FED.R.CIV.P. 12(b)(5) is denied. Defendant Edgerton Metal Products, Inc.'s Motion to Dismiss pursuant to FED.R.CIV.P. 12(b)(2) and (6) is denied. Defendant Edgerton Metal Products, Inc.'s Motion to Transfer Venue is also denied.