**Lawrence R. KENNEDY, Bernadette A. Kennedy, Bonnie Eileen Kennedy and Mary Lou Harris, Plaintiffs,**

v.

**MILLER, JOHNSON & KUEHN, INC., a Minnesota corporation and Thomas F. Ward, Defendants.**

**No. 96 C 4958.**

United States District Court, N.D. Illinois, Eastern Division.

Oct. 10, 1996.

William J. Harte, William J. Harte, Ltd., Chicago, IL, for plaintiffs.

Scott Early, General Counsel, James Daniel Dasso, John R. Landis, Foley & Lardner, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendants Miller, Johnson & Kuehn's and Thomas F. Ward's motion to transfer this case to the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. § 1404(a). For the reasons that follow, the court denies defendants' motion.

## I. BACKGROUND

Plaintiffs, all Illinois residents, invested in equipment leasing programs through defendants, both Minnesota residents. Plaintiffs allegedly did not know the extent of the risk in their investments and were misled by defendants into believing that their money was safely invested. Plaintiffs filed suit against defendants in the Circuit Court of Cook County, alleging that defendants misrepresented the risks of the equipment leasing programs or failed to inform plaintiffs of important facts that would make defendants' other statements not misleading.

Plaintiffs based their lawsuit on sections 12 and 13 of the Illinois Securities Law of 1953, as amended, 815 ILCS 5/12 and 5/13; sections 80A.01, 80A.03, and 80A.23 of the Minnesota Securities Act, Minn.Stat. §§ 80A.01, 80A.03, and 80A.23; section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b); section 12(a)(2) of the Securities Act of 1933, 15 U.S.C. § 77l(a)(2); section 2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2; Illinois and Minnesota common law fiduciary duty; Illinois and Minnesota common law fraud; and Minnesota common law negligence.

Defendants removed plaintiffs' case to this court on the basis of diversity and federal question jurisdiction. Defendants now move to transfer the case to the District of Minnesota, their home jurisdiction.

## II. DISCUSSION

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The party moving to transfer under section 1404(a) bears the burden of establishing that (1) venue is proper in the transferor district; (2) venue is proper in the transferee district; and (3) the transfer is for the convenience of the parties and the witnesses and is in the interest of justice. Id.; Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219–20 (7th Cir.1986).

The parties agree, as does this court, that venue is proper both in this court and the District of Minnesota. Therefore, the only issue in dispute is whether a section 1404(a) transfer to Minnesota is for the convenience of the parties and witnesses and in the interest of justice.

### A. Convenience of litigants and witnesses

In determining whether to transfer venue, the court seeks to promote both the private interests of the parties and the efficient administration of justice. North Shore Gas Co. v. Salomon, Inc., 896 F.Supp. 786, 791 (N.D.Ill.1995) (citing Black v. Mitsubishi Motors Credit of America, Inc., No. 94 C 3055, 1994 WL 424112, *2 (N.D.Ill. Aug. 10, 1994)). The private interests that may support a transfer include "the plaintiff's initial choice of forum; the relative ease of access to sources of proof; the availability of com-

pulsory process for the attendance of unwilling witnesses, and the costs of obtaining the attendance of witnesses; and the situs of material events." *North Shore,* 896 F.Supp. at 791 (citing *Genden v. Merrill Lynch, Pierce, Fenner & Smith,* 621 F.Supp. 780, 782 (N.D.Ill.1985); *Club Assistance Program, Inc. v. Zukerman,* 598 F.Supp. 734, 736–37 (N.D.Ill.1984)).

■ In the present case, plaintiffs indirectly have chosen this court as their forum of choice. While they originally filed their cause of action in state court, now that it has been properly removed to federal court, this court is the closest thing to plaintiff's original forum of choice. This factor is "afforded substantial deference, [but] it is 'simply one factor among many to be considered.'" *North Shore,* 896 F.Supp. at 791 (citing *Club Assistance Program,* 598 F.Supp. at 736.) Nonetheless, the court will give considerable weight to a plaintiff's choice of forum where it is also the plaintiff's home forum. *FUL Inc. v. Unified School Dist. No. 204,* 839 F.Supp. 1307, 1311 (N.D.Ill.1993) (citations omitted).

■ As for the other private interests, defendants assert that plaintiffs' inconvenience at being forced to litigate in Minnesota is no greater than defendants' inconvenience at being forced to litigate in Illinois. As defendants note, if the case is litigated in Illinois, defendants will incur the expenses of retaining counsel in Chicago, travelling to Chicago for pretrial matters, producing documents and evidence in Chicago, and attending trial in Chicago. If the case is litigated in Minnesota, plaintiffs will incur the same expenses. Whether third party witnesses can be subjected to compulsory process is not an issue, since defendants' witnesses likely will be defendant Ward and other employees of defendant Miller, Johnson & Kuehn, and plaintiffs' witnesses likely will be plaintiffs themselves. Therefore, defendants contend, the balancing of conveniences does not favor either party and does not militate against a transfer.

The court agrees that the balancing of the interests addressed by defendants does not favor either party. However, the fact that plaintiffs chose the state of Illinois as their forum clearly weighs in favor of not transferring their case to Minnesota. The burden is on defendants, as movants, to show that a transfer is for the convenience of the parties and witnesses. Moreover, as plaintiffs note, defendants "must establish that 'the transferee forum is *clearly more convenient*' than the transferor forum" to sustain their burden. *FUL,* 839 F.Supp. at 1310 (quoting *Coffey,* 796 F.2d at 220) (emphasis added). Defendants have not met their burden, at least with respect to the private interests of the parties.

### B. *Interests of justice*

■ The interests of justice factor "embraces traditional notions of judicial economy, rather than the private interests of the litigants and their witnesses." *Applied Web Systems, Inc. v. Catalytic Combustion Corp.,* No. 90 C 4411, 1991 WL 70893, *6 (N.D.Ill. Apr. 29, 1991) (citing *Coffey,* 796 F.2d at 221; *Bally Mfg. Corp. v. Kane,* 698 F.Supp. 734, 739 (N.D.Ill.1988)). In analyzing this factor, the court considers such things as in which forum the litigants are likely to receive a speedier trial, and, in diversity cases, whether the court trying the case will be familiar with the applicable state law. *Applied Web Systems,* 1991 WL 70893, at *6 (citing *Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1293 (7th Cir.1989); *Coffey,* 796 F.2d at 221).

The most recent statistics regarding judicial caseload indicate that parties in the District of Minnesota are not much better off than parties in the Northern District of Illinois, with respect to how quickly the court will dispose of or try their cases. In the District of Minnesota, the median time from the filing of a civil case to its disposition is nine months, and from filing to trial, 20 months. STATISTICS DIV., ADMIN. OFFICE OF THE U.S. COURTS, 1995 FED.CT.MGMT.STAT. 115 (1996). In the Northern District of Illinois, the median time from the filing of a civil case to its disposition is five months, and from filing to trial, 27 months. *Id.* at 101. Based on these statistics, then, a case may proceed to trial more quickly in district court in Minnesota than in district court in Chicago, but may be disposed of by motion more

quickly in district court in Chicago than in district court in Minnesota. In short, it is not markedly more economic or efficient to have the instant case pending in the District of Minnesota rather than in the Northern District of Illinois.

In addition, plaintiffs' complaint contains claims based on Illinois law, Minnesota law, and federal law. While the Minnesota court may be more familiar with Minnesota law, this court likely is more familiar with Illinois law. Both courts presumably are equally familiar with federal law. Thus, whether this case remains in this district or goes to Minnesota, the court that presides over the case will be required to apply the law of a state in which the court does not sit.

The interests of justice will be neither harmed nor served regardless of whether this case is transferred. Accordingly, the court finds that "transfer of this case does not clearly facilitate the interests of justice." *Allied Metal Co. v. Edgerton Metal Products, Inc.*, 908 F.Supp. 576, 581 (N.D.Ill. 1995).

### C. *Summary*

Defendants have not established that transferring this case to the district court in Minnesota would serve either the convenience of the litigants or witnesses or the interests of justice. Therefore, defendants have not met their burden of showing that this case should be transferred to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1404(a).

### III. *CONCLUSION*

For the foregoing reasons, the court denies defendants' motion to transfer this case to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1404(a).