Marilyn BROADNAX, Individually and as Administrator of the Estate of Franco Jackson, Deceased, Plaintiffs,

v.

ABF FREIGHT SYSTEMS, INC., Defendant.

No. 96 C 1674.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 13, 1996.

Edward J. Mella, Hickey, Driscoll, Durfirst, Patterson & Mella, Chicago, IL, for Plaintiffs.

Douglas W. Bristol, Chicago, IL, for Defendant.

### MEMORANDUM ORDER

BOBRICK, United States Magistrate Judge.

Before the court is the motion of defendant ABF Freight Systems, Inc. to transfer venue of this case pursuant to 28 U.S.C. § 1404(a).

### I. *BACKGROUND*

This action arises out of the death of Franco Jackson in a collision of his truck and defendant's truck in Stokesdale, North Carolina, on February 23, 1996. The defendant's truck swerved into Mr. Jackson's lane—the oncoming lane of traffic—and he was unable to avoid hitting that vehicle's trailer.[1] Mr. Jackson died as a result of this collision. Marilyn Broadnax, Mr. Jackson's mother and Administrator of his estate, filed a wrongful death action on March 7, 1996, in the Circuit Court of Cook County, Illinois. On March 26, 1996, ABF removed the action to this court based on federal diversity jurisdiction. Mr. Jackson was a citizen of Illinois, as is his mother. Defendant is a Delaware corporation with its principal place of business in Arkansas. Defendant now asks for a transfer of venue to the Middle District of North Carolina.

### II. *ANALYSIS*

Section 1404(a) allows for a change of venue "[f]or the convenience of the parties and witnesses, [and] in the interest of justice." The moving party has the burden of establishing that the transferee forum is clearly more convenient. *Black and Decker Corp. v. Vermont American Corp.,* 915 F.Supp. 933, 937 (N.D.Ill.1995). To meet this burden, the movant must establish that: (1) venue is proper in the transferor district; (2) venue is proper in the transferee district; and (3) the transfer will serve the convenience of the parties, the convenience of witnesses, and the interests of justice. *Kennedy v. Miller, Johnson & Kuehn, Inc.,* 940 F.Supp. 207, 208 (N.D.Ill.1996). In the instant case, the first two elements are not in dispute, so we will focus on defendant's showing regarding the convenience of the parties and the witnesses and the interests of justice.

#### 1. Convenience of the Parties

At the outset, we cannot ignore the fact that the plaintiff's choice of forum is ordinarily accorded substantial deference. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255, 102 S.Ct. 252, 265–66, 70 L.Ed.2d 419 (1981); *Wen Products, Inc. v. Master Leather Inc.,* 899 F.Supp. 384, 385–86 (N.D.Ill. 1995). Here, the plaintiff has indirectly chosen this forum as a result of the removal of this action to federal district court. Because it is the plaintiff's home forum, the court will give considerable weight to this choice. *Kennedy v. Miller, Johnson & Kuehn, Inc.,* 940 F.Supp. 207, 209 (N.D.Ill.1996). Defendant, on the other hand, is a Delaware corporation with its principal place of business in Arkansas. Its travel to North Carolina would be no more inconvenient than travel to Chicago. Convenience of counsel is not a factor, *Rivi-*

---

1. According to defendant, its vehicle swerved into the oncoming lane of traffic because it had first swerved off the road on to the shoulder, which defendant alleges was in disrepair.

era Finance v. Trucking Services, Inc., 904 F.Supp. 837, 840 n. 7 (N.D.Ill.1995), but defendant, with its principal place of business in Arkansas, would have to hire local counsel in either forum. Plaintiff would likely be forced to retain both Chicago and North Carolina counsel if venue were transferred. Thus, the plaintiff's choice of forum and convenience of the parties weigh against transfer to the Middle District of North Carolina.

## 2. Convenience of the Witnesses

Defendants submit that 50 to 70 witnesses were present at the scene of the accident following the collision. They list fifteen that they consider to be essential to their case. Nine of these witnesses will purportedly testify about the positions of the trucks, the weather, the behavior of ABF's driver, and the manner in which Mr. Jackson's truck cab was destroyed. Seven will testify as to the condition and maintenance of the road. All of these witnesses are residents of North Carolina. Plaintiff submits a list of 12 witnesses they intend to call, all of whom will testify on issues related to damages. If only from a numerical standpoint, then, venue in North Carolina is not significantly more convenient than in Illinois.

■ As defendant notes, its witnesses are beyond the subpoena power of this court. Fed.R.Civ.P. 45. So too, however, would plaintiff's witnesses be if venue were transferred to North Carolina. It would appear, then, that a transfer of venue would merely result in a shift of inconvenience or expense from one party to the other. Such a result does not carry defendant's burden of establishing that the transferee forum is clearly more convenient. Allied Metal Co. v. Edgerton Metal Products, Inc., 908 F.Supp. 576, 581 (N.D.Ill.1995). Further, defendant has not established, or even indicated, that any of its witnesses are unwilling to testify in this district. If such is ultimately the case, deposition testimony can be substituted for an appearance by a reticent witness. Once again, this inconvenience would only be visited upon plaintiff if this case were transferred.

Finally, it is apparent from the parties' submissions that defendant's witnesses are all liability witnesses, while plaintiff's witnesses will be testifying as to damages. From both this court's familiarity with this case and the record as it stands—the police report, for example, indicates that defendant's driver not only crossed the center line but was speeding—the question of damages would seem to be more of an issue than liability. Defendant's case is essentially that the state of North Carolina failed to maintain the shoulder of the road, the condition of which caused defendant's driver to swerve from the shoulder over the center line into oncoming traffic. This says nothing to the obvious question of why defendant's driver would be speeding on the shoulder of a highway. In short, the parties' have submitted lists of similar numbers of witnesses, both parties' witnesses pose potential Rule 45 problems, and plaintiff's witnesses appear to be somewhat more essential than defendant's. Defendant has not established that the Middle District of North Carolina would be "clearly more convenient" for witnesses than this district.

## 3. Interests of Justice

■ In considering the interests of justice, courts are concerned with the efficient administration of the judicial system. Black and Decker, 915 F.Supp. at 939. The factors relevant to such consideration include relationship of the forum, the court, and the jurors with the occurrence at issue, access to sources of proof, cost of attendance of willing witnesses, speed of litigation, and familiarity of the trial court with applicable state law. Id.; Kennedy, 940 F.Supp. at 209. Essentially, we have already addressed location of proof and witnesses and their attendant costs in the previous section. These factors weigh no more heavily in favor of transfer than against. Defendant makes certain additional arguments, however, in favor of transfer of venue: (1) that the Middle District of North Carolina is the only forum where they can join the state of North Carolina as a party; (2) that the federal court in North Carolina is far more familiar with North Carolina law than this court is; and (3) that this court's docket is far more congested than that of the Middle District of North Carolina.

■ Defendant's central argument in this matter is based on its defense theory regarding the state of North Carolina's alleged failure to maintain the shoulder of the highway where Mr. Jackson's death occurred. Defendant considers North Carolina's joinder to be essential to this action, and contends only a transfer of venue will allow this. Clearly, the state of North Carolina is beyond the jurisdiction of this court. Defendant, however, has failed to convince us that a transfer of venue will allow joinder of the state as a third-party defendant.

In support of its position, defendant relies on North Carolina's Tort Claims Act, N.C.Gen.Stat. § 143–291, and Rule 14(c) of the North Carolina Rules of Civil Procedure. As the North Carolina Supreme Court has explained, the:

> effect of the Tort Claims Act was twofold. First, the State partially waived its sovereign immunity by consenting to direct suits brought as a result of negligent acts of its employees in the course of their employment. Second, the Act provided that the forum for such direct actions would be the Industrial Commission, rather than the State courts.

*Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 329, 293 S.E.2d 182, 185 (1982). Rule 14(c) provides, in pertinent part:

> Notwithstanding the provisions of the Tort Claims Act, the State of North Carolina may be made a third party ... in any tort action.

The *Teachy* court interpreted 14(c) to allow for "the State [to] be joined as a third-party defendant, whether in an action for contribution, or in an action for indemnification, *in the State courts.*" *Teachy*, 306 N.C. at 332, 293 S.E.2d at 187 (emphasis added). Defendant reads this language as covering "any tort claim pending in North Carolina;" including federal court situated there. (*Brief in Support of Motion to Transfer Venue*, at 12). this is because, as defendant states, "[n]owhere is the rule limited to actions

pending in state court." (*ABF's Reply Brief*, at 14). Defendant's conclusory argument, however, falls short of establishing that North Carolina has waived its immunity to be joined as a defendant to a tort action in a federal court.

Defendant's error is illustrated by the Supreme Court's discussion of a state's immunity in *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985):

> The test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one. Although a State's general waiver of sovereign immunity may subject it to suit in state court, it is not enough to waive the immunity guaranteed by the Eleventh Amendment. [A] State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued. Thus, in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in *federal court.*

473 U.S. at 241, 105 S.Ct. at 3146. Contrary to defendant's unsupported suggestion, then, it is *not* enough that Rule 14(c) simply does not specifically limit itself to state courts. In order for North Carolina's to waiver its immunity from federal court jurisdiction, it must specify its intent to do so "by the most express language or by such overwhelming implication from the text as would leave no room for any other reasonable construction." *Edelman v. Jordan*, 415 U.S. 651, 673, 94 S.Ct. 1347, 1361, 39 L.Ed.2d 662 (1974).[2] We cannot find any such language at work in this case. Defendant's contention regarding joinder of North Carolina are of no consequence in our decision regarding venue.

Defendant also suggests that, because the law of North Carolina will apply to this case, a federal court in North Carolina would be more familiar with that law. While this may be true, it is also true that this court has a

---

2. In *Huang v. Board of Governors of University of N.C.*, 902 F.2d 1134 (4th Cir.1990), for example, the court found that the state had not waived the University of North Carolina's Board of Governor's immunity from federal jurisdiction by stating that it "shall be able and capable to sue and be sued in all courts whatsoever ..." 902 F.2d at 1138–1140. Such language is as broad, or broader, as Rule 14(c)'s cryptic "in any tort action."

great deal of experience applying the law of other jurisdictions in diversity cases. In addition, the North Carolina law of negligence—contributory negligence as a bar to recovery—is not as foreign to courts in this jurisdiction as defendants believe. (*ABF's Reply Brief*, at 17). Contributory negligence was the law for many years in Illinois until the Illinois Supreme Court endorsed comparative negligence in 1981. *Alvis v. Ribar*, 85 Ill.2d 1, 52 Ill.Dec. 23, 421 N.E.2d 886 (1981).

Our final consideration, albeit an important one, is the opportunity for a speedy resolution of this case. Plaintiff cites statistics showing that, on a median basis, cases are resolved more quickly in this district than in the Middle District of North Carolina. Defendant, on the other hand, cites statistics showing that, on a median basis, cases proceed to trial far more slowly here than in the transferor district. As there is no way to tell how this case will be resolved—whether by trial or other means—plaintiff's statistics are more telling at this point. Transfer to North Carolina would not guarantee a speedier resolution of this case. Thus, the interests of justice do not favor, let alone clearly favor, transfer of venue to the Middle District of North Carolina.

### III. CONCLUSION

For the foregoing reasons, the defendant's motion to transfer venue is hereby DENIED.