**SRAM CORPORATION, Plaintiff,**

**v.**

**SUNRACE ROOTS ENTERPRISE CO., LTD., and Sun Victory Trading Co., Inc., Defendants.**

**No. 96 C 5499.**

United States District Court, N.D. Illinois, Eastern Division.

Feb. 27, 1997.

Robert Edward Browne, Thomas C. McDonough, Mark R. Galis, Christine Suzanne Davik–Galbraith, Altheimer & Gray, Chicago, IL, for Plaintiff.

Mark J. Seplak, Clausen, Miller, Gorman, Caffrey & Witous, P.C., Chicago, IL, Darin W. Snyder, Steven L. Smith, O'Melveny & Myers, San Francisco, CA, for Defendants.

### MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

This matter is before the Court on Defendants' motion to transfer this matter to the United States District Court for the Northern District of California, San Francisco Division, pursuant to 28 U.S.C. § 1404(a). The motion is granted.

## I. BACKGROUND

Plaintiff SRAM Corporation ("SRAM") is an Illinois corporation with its principal place of business in Chicago, Illinois. SRAM is an international company which manufactures and sells bicycle component parts. Defendant SunRace Roots Enterprise Co., Ltd. ("SunRace"), is a foreign corporation with its principal place of business in Taiwan. SunRace, like SRAM, is also a large corporation which manufactures bicycle component parts. Defendant Sun Victory Trading Co., Inc. ("Sun Victory"), is a California corporation with its principal place of business in Oakland, California. Sun Victory is a small corporation—it has five employees and combined gross sales for the 1995 and 1996 years total approximately $400,000—which distributes bicycle component parts.

SRAM developed a unique twist grip bicycle gear changing system for multiple speed bicycles which it markets under the trademark "Grip Shift." SRAM alleges that SunRace and Sun Victory are manufacturing and selling devices which infringe its "Grip Shift" intellectual property rights. Consequently, SRAM filed a four-count complaint alleging: (1) patent infringement, 35 U.S.C. § 271; (2) trademark infringement, 15 U.S.C. § 1114(1); (3) false representation based on trade dress infringement, 15 U.S.C. § 1125(a); and (4) unfair competition under the laws of Illinois.

Defendants seek to transfer this matter to the U.S. District Court for the Northern District of California.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1404(a):

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

A transfer under § 1404(a) is appropriate if: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice. *Vandeveld v. Christoph*, 877 F.Supp. 1160, 1167 (N.D.Ill.1995). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir.1986).

## A. Venue

■ Venue is proper[1] in both the Northern District of Illinois (the transferor court) and the Northern District of California (the transferee court), *see* 28 U.S.C. § 1391.[2]

## B. Convenience of Parties and Witnesses

■ When evaluating the convenience of the parties and witnesses, the court considers: (1) the plaintiff's choice of forum; (2) the site of material events; (3) the availability of evidence in each forum; and (4) the convenience to the parties of litigating in the respective forums. *College Craft Cos. Ltd. v. Perry*, 889 F.Supp. 1052, 1054 (N.D.Ill.1995).

### 1. Plaintiff's choice of forum

■ SRAM chose the Northern District of Illinois to litigate this action. The plaintiff's choice of forum is generally granted substantial weight, *Dunn v. Soo Line R.R. Co.*, 864 F.Supp. 64, 65 (N.D.Ill.1994), particularly when the plaintiff resides in the chosen forum and the conduct and events giving rise to the cause of action took place in the selected forum. *See id.; Kingsley v. Dixon Old People's Home Fund, Inc.*, No. 96 C

2464, 1996 WL 417548 *1 (N.D.Ill. July 22, 1996). Here, SRAM is an Illinois corporation with its principal place of business in Chicago. Thus, that fact militates against transfer.

### 2. Site of material events

■ The parties dispute the situs of the material events. Because this litigation involves intellectual property rights, the issue is not clear. SRAM argues that the place of injury—and the events giving rise to the cause of action—is the place where the plaintiff suffers the damage. Since SRAM resides in Chicago, it argues that the injury is suffered in Chicago. Defendants argue that intellectual property cases generally focus on the infringer's place of business. The Court finds that this factor weighs in favor of transferring the matter.

First, Defendants are correct in their assertion that intellectual property cases generally focus on the infringer's place of business. *See Wen Products, Inc. v. Master Leather Inc.*, 899 F.Supp. 384, 386 (N.D.Ill. 1995) ("Intellectual property infringement suits often focus on the activities of the alleged infringer, its employees, and its documents. "); *Habitat Wallpaper & Blinds, Inc. v. K.T. Scott Ltd.*, 807 F.Supp. 470, 474 (N.D.Ill.1992) ("[T]he location of the infringer's principal place of business is often the critical and controlling consideration."). Second, it appears to the Court that the most accurate designation of the place of the injury is the place or places where the alleged infringing sales occurred. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1571 (Fed.Cir.1994). Here, eighty to ninety percent of the alleged infringing sales occurred in the state of California.[3] Accordingly, for the foregoing reasons, the Court finds that this factor militates heavily in favor of transferring this matter to California.

---

**1.** The Court will presume venue is proper here. If it is not, the Court could still transfer this matter under 28 U.S.C. § 1406.

**2.** SunRace filed a motion to dismiss for lack of personal jurisdiction. Since a court may still transfer a case when personal jurisdiction is

lacking, the Court need not decide whether it has such jurisdiction over SunRace. *See Williams v. Cook County Sheriff's Dep't*, No. 93-212, 1995 WL 319845 *2 (N.D.Ill. May 25, 1995).

**3.** SRAM does not dispute this fact.

### 3. Availability of evidence in each forum

Regarding the availability of evidence in each forum, the Court finds that this factor is a wash. There is significant evidence and witnesses in both locations.

### 4. Convenience of the parties

■ Regarding the final factor—the convenience of the parties of litigating in the respective forum—the Court finds that this factor militates in favor of transferring the matter. SRAM is a large international corporation. SRAM employs over five hundred people worldwide and its expected 1996 sales total approximately $50,000,000. On the other hand, one of the defendants—Sun Victory—is a very small corporation.[4] It has only five employees. The disruption of business affairs due to the time and cost of distant litigation is far more severe and detrimental to a small corporation than it is to a much larger corporation.[5] *See Wen Products, Inc.,* 899 F.Supp. at 386. Accordingly, this factor militates in favor of transferring the matter to California.

### C. *Interests of Justice*

■ The "interests of justice" component concerns the "efficient administration of the court system." *Coffey,* 796 F.2d at 221. It includes such considerations as the speed at which case will proceed to trial, the feasibility of consolidation, the court's familiarity with applicable law, and the public interest in having a case resolved in a particular forum. *Id.; see Reinke v. Boden,* No. 92 C 744, 1996 WL 467240 *1 (N.D.Ill. Aug. 13, 1996).

■ Here, first, there is no indication that the case will proceed to trial at a quicker pace in the Northern District of Illinois rather than in the Northern District of California.

Next, the bulk of this action involves the application of federal law, accordingly, both courts are familiar with such law. Although SRAM does bring a claim under Illinois law, at this stage of the litigation, the applicability of Illinois law is unclear.

Finally, because the vast majority of the alleged infringing sales—roughly eighty to ninety percent—occurred in the state of California, the Court concludes that California has a greater public interest in hearing this case than an Illinois court.

Accordingly, the Court finds that this component militates heavily in favor of transferring this matter to California.

### III. CONCLUSION

After considering the convenience of the parties and witnesses and the interests of justice, the Court concludes that this matter should be transferred to the United States District Court for the Northern District of California, San Francisco Division.

---

4. SRAM argues that Sun Victory is the alter ego or agent of the much larger corporation Sun-Race. SRAM, however, has alleged nothing in its complaint which would support piercing Sun Victory's corporate veil, nor has it alleged anything which would establish that Sun Victory is SunRace's agent. In its pleadings, SRAM has not developed a legal argument as to how the Court could consider Sun Victory and SunRace as one entity. Instead, it has offered conclusory

allegations. Accordingly, for the purposes of this motion, the Court will respect the independent corporate identities of each defendant.

5. Indeed, SRAM has chosen to litigate prior suits in the California courts. *See Von Holdt v. Husky Injection Molding Sys., Ltd.,* 887 F.Supp. 185, 189 (N.D.Ill.1995).